STANDARD FOLDING BED Co. *v.* KEELER *et al.*

*(Circuit Court, D. Massachusetts. February 20, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—TERRITORIAL RIGHTS OF ASSIGNEES.
   One who purchases a patented article from the owner of the patent-right for a certain territory, has no right to sell the same in the course of trade in territory for which another owns the exclusive territorial right.

In Equity. On motion for preliminary injunction.
Bill by the Standard Folding Bed Company against C. P. Keeler and others for the infringement of a patent.
*E. Y. Rice,* for complainant.
*J. H. Taylor* and *Browne & Browne,* for defendants.

COLT, J. Under the agreed statement of facts it is admitted that the complainant is the owner of the exclusive right under letters patent granted to Lyman W. Welch, numbered 311,623 and 364,875, for improvements in folding beds, for certain territory, including the states of New York and Massachusetts; that the Welch Folding Bed Company, of

Grand Rapids, Mich., own the said patents for certain territory other than Massachusetts and New York, including the state of Michigan, and manufacture and sell the folding beds made under the patents in Michigan. It is further admitted that the defendants purchased a car-load of said beds from the Welch Folding Bed Company at Grand Rapids, Mich., for the purpose of selling them in Massachusetts, and that they afterwards sold, and are now engaged in selling, the said beds in Boston.

The sole question presented by this motion is whether the purchaser of a patented article sold by the assignee of a patent-right for a certain defined territory, can, in the course of trade, sell the article in another territory, for which another person has the exclusive territorial right. This exact question has not been as yet determined by the supreme court. In view, however, of the decision in *Adams* v. *Burke*, 17 Wall. 453, and of the decisions of the circuit courts since that time, I think it may be fairly said that the right to sell is not conferred upon such purchaser under the patent laws, and that therefore this motion for an injunction should be granted. The supreme court, in *Adams* v. *Burke*, expressly limit the case to the right of the purchaser to use, and they thereby restrict the opinion of Judge SHEPLEY in the court below (1 Holmes, 40) to that extent. "Whatever, therefore," says Mr. Justice MILLER, "may be the rule, when patentees subdivide territorially their patents, as to the exclusive right to make and to sell within a limited territory, we hold that in the class of machines or implements we have described, when, they are once lawfully made and sold, there is no restriction on their use to be implied for the benefit of the patentee or his assignees or licensees." As thus restricted to the use, the supreme court were divided in opinion, Justices BRADLEY, SWAYNE, and STRONG dissenting. Mr. Justice BRADLEY, in his dissenting opinion, takes the position that the patent act gives to the patentee a monopoly of use as well as of manufacture throughout the United States, and that it authorizes not only an assignment of the whole patent, or any undivided part thereof, but to grant the exclusive right under any patent to make, use, and to grant to others to make and use the thing patented within any specified portion of the United States; and that the only consistent construction to be given to the whole act is to limit all the privileges conferred by it to the district marked out. The precise question now raised was before the circuit court in *Hatch* v. *Adams*, 22 Fed. Rep. 434, and Judge McKENNAN there held that the purchaser had no right to sell the article in the course of trade outside of the designated limits covered by the grant of his vendor. This case was followed by Judge WHEELER in *Hatch* v. *Hall*, Id. 438. See, also, the same case in 30 Fed. Rep. 613. I agree with the conclusions of Judge McKENNAN in *Hatch* v. *Adams* upon the precise point now raised as to the purchaser's right to sell. Both in the light of the more recent cases, and as a question of legal construction under the patent law, I think this motion should be granted. Motion granted.