GEORGE A. CALEB, in equity, *vs.* GEORGE HEARN.

Cumberland.   Opinion May 18, 1881.

*Bill in equity.   Demurrer.   R. S., c. 64, § 65.   Stat. 1874, c. 168.*
*Embezzlement of effects of deceased person.*

A bill in equity by an heir at law is not the proper remedy to pursue against a person charged with embezzling or wrongfully appropriating the goods, chattels and money of a deceased person.   The proceedings should be in the name of the executor or administrator of the decedent, who would have an adequate remedy at law and may, if it is desirable, cite the defendant before the judge of probate for examination under the provisions of R. S., c. 64, § 65, *et seq.* and stat. 1874, c. 168.

DEMURRER to bill in equity.

The bill alleges that the plaintiff is the son and only heir of John O. Caleb, who died at the Sailors Snug Harbor in New York, that the decedent at the time of his decease, was possessed of the sum of twenty-nine hundred dollars on deposit in the Seaman's Bank for Savings in New York, and of other personal property amounting to two hundred dollars in money, clothing, valuable papers, etc. of which the plaintiff can give no particular description ; that the defendant without any power or authority from the plaintiff, but under color of a false and pretended power of attorney, without the knowledge of the plaintiff, withdrew the money from the Seaman's Bank for Savings, and took all the rest of the personal property and effects of the decedent, and withholds and embezzles all of said money and effects from the plaintiff, and has brought the same into this State ; that the plaintiff has made a demand upon the defendant for all such funds, property and effects, but the defendant falsely and fraudulently refuses to pay and deliver the same to him, the defendant falsely pretending and setting up that the decedent and the plaintiff were indebted to him in large sums of money ; that the defendant refuses to make any settlement ; and so "this complainant charges that the respondent has falsely and fraudulently and without authority, obtained possession of said property, funds, papers, &c. of this complainant, and falsely and willfully refuses to pay over or account for the same to this complainant, but converts and embezzles the same to his own use and benefit."

*Clifford and Clifford*, for the plaintiff.

The plaintiff can sue in his own name.     *Gage* v. *Johnson*, 20 Maine, 438.

If ancillary letters are necessary, then plaintiff moves proper disposition of the cause to that end and preserve the attachment. *Parsons* v. *Lyman*, 20 N. Y. 124.

Formal party can come in before the master, or there may be a supplemental bill or amendment adding representative. Daniel's Ch. Pr. 197; Story's Eq. Pl. § § 77, 238, 541, 543.

*P. J. Larrabee* and *M. P. Frank*, for the defendant, cited: 1 Daniel's Ch. Pr. 214–216, 331; *Fletcher* v. *Holmes*, 40 Maine, 365; *Crooker* v. *Rogers*, 58 Maine, 339; *P. F. & M. Ins. Co.* v. *Hill*, 60 Maine, 178; *Caswell* v. *Caswell*, 28 Maine, 232; *Law* v. *Thorndike*, 20 Pick. 317.

BARROWS, J.    On demurrer.    If the complainant has suffered in consequence of the misdoings of the defendant charged in the bill, it is nevertheless indirectly, and complainant has mistaken the remedy.    It should be sought by due process of law, and through a legal representative of the deceased, John O. Caleb, whose personal estate the defendant is charged with embezzling and wrongfully appropriating to his own use.

The only relief sought, is compensation in damages for a wrong fully accomplished, and done to the estate of John O. Caleb, whose administrator would have upon the facts alleged, an abundant remedy at law.    The bill cannot be maintained for two reasons: 1, because of the want of a proper party plaintiff; 2, because the only party directly injured, has an adequate remedy at law.    *Fletcher* v. *Holmes*, 40 Maine, 364; *Crooker* v. *Rogers*, 58 Maine, 339; *Ins. Co.* v. *Hill*, 60 Maine, 178.    The way is open for inquiry as to the facts and an appeal to the defendant's conscience under the provisions of R. S., c. 64, § 65, and laws of 1874, c. 168.

*Demurrer sustained.    Bill
dismissed.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.