CITY OF ROCKLAND, in equity, *vs.* ROCKLAND WATER COMPANY.

Knox.    Opinion November 29, 1893.

*Nuisance. Equity. Rights to be first settled at law. R. S., c. 17, § 5; c. 77, § 6, cl. XI; R. S., 1841, c. 96, § 10; Stat. of 1874, c. 175. Stat. 1893, c. 217.*

A bill in equity will not be maintained to restrain a nuisance created by a dam that raises water to so great a height as to flow out a highway, whereby the plaintiff has been put yearly to expense in its repair, when it appears that the statute remedy giving damages and process for abatement, has not been invoked, and there is no imminent danger of irreparable injury.

Statute of 1893, c. 217, *held* not to apply to pending cases.

ON REPORT AND EXCEPTIONS.

Bill in equity to restrain a nuisance. The defendant filed a general demurrer to the bill, which was overruled. The case was reported to this court where a hearing was then had on the bill, answer and testimony.

The plaintiff complained in its bill that the defendant corporation, by unlawfully raising the waters of Tolman's pond, overflowed a certain highway in the city of Rockland, thereby obstructing said way, rendering it unsafe and inconvenient for public travel at certain portions of the year, subjecting the city to loss and expense, and tending to totally obstruct and destroy the way in question.

The arguments upon the merits of the case are omitted.

*W. H. Fogler*, city solicitor, for plaintiff.

Obstruction of highway a public nuisance.    R. S., c. 17, § 5;

*Morton* v. *Moore*, 15 Gray, 576; *Charlotte* v. *Pembroke Iron Works*, 82 Maine, 391-394; *Com.* v. *King*, 13 Met. 115; Gould on Waters, § 212. Jurisdiction not only by statute but under general equity powers. R. S., c. 77, § 6, cl. V; 2 Story's Eq. § § 921, 924; 1 Pom. Eq. § 331; 1 High, Inj. § 759; *Mayor*, &c. v. *Alexandria Canal Co.* 12 Pet. 91. No length of time will legalize a public nuisance, or prescribe for its continuance. *Charlotte* v. *Pembroke Iron Works*, 82 Maine, 391; *Com.* v. *Upton*, 6 Gray, 476; *Cross* v. *Mayor of Morristown*, 18 N. J. Eq. 305. Injunction proper remedy. 1 High, Inj. § 816; 2 Story's Eq. § 923; *Springfield* v. *Conn. R. R.* 4 Cush. 63; *Needham* v. *N. Y.*, &c., *R. R.*, 152 Mass. 61. Bill by municipality : 1 High. Inj. § 819; 3 Pom. Eq. § 1349; 2 Story's Eq. § 924; *Springfield* v. *Conn. R. R.* 4 Cush. 63; *Needham* v. *N. Y.* &c., *R. R.* 152 Mass. 61; Bill by municipality : 1 High, Inj. § 819; 3 Pom. Eq. § 1349; 2 Story's Eq. § 923; *Springfield* v. *Connecticut R. R.* 4 Cush. 63; *Quincy* v. *Boston*, 148 Mass. 389; *Needham* v. *N. Y.*, &c. *R. R.* 152 Mass. 63. Rule that rights must first be settled at law does not apply to public nuisance. 2 Story's Eq. § § 921-925; 1 Pom. Eq. § 252, n. 2, § 267; 3 *Id.* § § 1349, 1350; *Eastman* v. *Amoskeag Co.* 47 N. H. 71, 79; *Coe* v. *Leach*, 37 N. H. 254; *Burnham* v. *Kempton*, 44 N. H. 78; *Van Bergen* v. *Van Bergen*, 2 Johns. Ch. 272, 287. Rule in Maine cases applied to private nuisances only. Party not authorized by act of Legislature to overflow existing highway. *Calais* v. *Dyer*, 7 Maine, 155; *Com.* v. *Stevens*, 10 Pick. 247. Defendant liable, though the city, may, at reasonable expense, prevent damage to the highway. *Monmouth* v. *Gardiner*, 35 Maine, 247.

*Mortland and Johnson*, for defendant.

SITTING ; PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, JJ.

HASKELL, J. Bill in equity to restrain a nuisance in the form of a dam that raises water to so great a height as to flow out a highway, whereby the plaintiff has been put yearly to expense in its repair.

The statute, c. 17, § 5, *et seq.*, gives a remedy at law. It gives damages and appropriate process for abatement of the nuisance. This remedy has not been invoked; and the bill does not show any special reason why the right of the parties should not be first settled at law. The supposed nuisance has long existed, and there appears to be no imminent danger that the threatened injury will result in irreparable damage.

The equity side of this court has been given jurisdiction by statute piecemeal. The revision of 1841, c. 96, § 10, first formulated the equity jurisdiction by specific classes of causes, eight in number. From time to time changes have been made in those classes and new ones added. In 1874, c. 175, equity jurisdiction was conferred "in all other cases where there is not a plain, adequate and complete remedy at law," R. S., c. 77, § 6, cl. XI, so that our equity jurisdiction then became complete, according to the course of courts of chancery. *Stinchfield* v. *Milliken*, 71 Maine, 567. The want of legal remedy, always gave jurisdiction to courts of equity, and the limitation of our various statutes, "where the remedy at law is not plain, adequate and complete," means no more than the usual limitation applied to all equity jurisdictions. It does not mean that our equity jurisdiction shall be limited and shorn by conferring more plenary powers upon courts of law to grant relief, unless the statute plainly says so or intends it.

Since the act of 1874, the equity side of the court has exercised general chancery jurisdiction, like the judiciary of the United States, under the III Article of the Constitution, which provides that "the judicial power shall extend to all cases of law and equity arising under the constitution and the laws of the United States," &c., more plainly fixed by the judiciary act of 1789, c. 20, § 16. R. S., U. S. § 723, "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." And, as said by Mr. Justice Story in *Boyle* v. *Zacharie*, 6 Pet. 658: "The chancery jurisdiction given by the constitution and laws of the United States is the same in all the states of the Union, and the rules of decision are the same in all;" *Neves* v. *Scott*,

13 How. 268; and, explained by Mr. Justice Curtis in his lectures : " That is, it is one uniform system throughout the whole United States. The same in Massachusetts as in Georgia or California; and, in general, the sources of the law are to be found, first, in the decisions of the Supreme Court of the United States ; second, in the decisions of the Circuit Courts as reported in the reports of the Circuit Courts ; and lastly, and, perhaps I ought to say mainly, in the equity law of England ; . . . and, whatever may have been the modifications made of the English Equity law in the different states by statute or by custom, they have no effect in the courts of the United States." *Mississippi Mills* v. *Cohn,* 150 U. S. 202.

The Supreme Court has always held its equity powers measured by the jurisdiction of the English chancery. Our jurisdiction may be limited from time to time by statutes bestowing equitable remedies upon courts of law, if the statute expressly so provides or plainly so intends ; 1 Pom. Eq. § § 276-281, and cases cited ; but it cannot be enlarged, otherwise the right of trial by jury, according to the course of the common law, might be denied in violation of Art. 1, § 20, of our Constitution that is similar to the VII amendment of the constitution of the United States, already considered by the Supreme Court.. *Scott* v. *Neely,* 140 U. S. 106 ; *Whitehead* v. *Shattuck,* 138 U. S. 146.

Nuisance has always been within the jurisdiction of courts of chancery, although legal remedies are applied to that class of cases. *Props. Me. Wharf,* v. *Props. Custom House Wharf,* 85 Maine, 175 ; *Westbrook Manf. Co.* v. *Warren,* 77 Maine, 437.

But the right must first be settled at law, except in particular cases, where the remedy in equity would be more complete, as where it is invoked to prevent a multiplicity of lawsuits and save the parties vexatious and interminable litigation, *Lockwood Co.* v. *Lawrence,* 77 Maine, 297 ; or where it has been long enjoyed without interruption, *Morse* v. *Machias, &c., Co.* 42 Maine, 119 ; or imminent danger be threatened that will result in irreparable damage, *Mfg. Co.* v. *Warren, supra.*

In *Varney* v. *Pope,* 60 Maine, 192, the bill to restrain a nuisance was dismissed because the parties had not first settled

their rights at law, no irreparable damage being threatened or other cause shown for the intervention of a court of equity. *Davis* v. *Weymouth*, 80 Maine, 307, was decided upon the same ground, and the Court says : "The remedy thus provided by an action at law, is plain, adequate and complete, and there is no occasion for a resort to a bill in equity." Certainly not. The law gave a complete remedy to settle the rights of the parties. When once settled, at law, if further remedy should be needed in equity, to complete the full enjoyment of those rights, the equity side of the court that always supplements the law, would be open. Moreover, "it must appear by the bill, where an action at law may be maintained, that the remedy by it is not plain, adequate and complete." *Porter* v. *Land & Water Co.* 84 Maine, 195.

The foreclosure of mortgages is a good illustration of our equity jurisdiction. Early in the history of our State when the equity jurisdiction comprised only certain classes of causes, the foreclosure of mortgages was one of them ; and the enactment of statute methods of foreclosure was held to take it away. *Chase* v. *Palmer*, 25 Maine, 345.

And when complete chancery powers were conferred in 1874, the court held, that although the foreclosure of mortgages was a subject of general equity jurisdiction, the trend of legislation plainly showed that it was not intended to confer equity jurisdiction upon the subject, except in particular cases, where the statute methods were insufficient to give complete remedy, as they might be, for instance, in the foreclosure of mortgages upon stock in process of manufacture, where it is necessary for the court to assume control of the property in order to prevent its loss by waste or decay, or in the foreclosure of railway mortgages and the like. *Titcomb* v. *McAllister*, 77 Maine, 357.

The statute of 1891, c. 91, specially giving equity jurisdiction over the foreclosure of mortgages, may not mean more than to declare the law and make it plain in such matters. That is, give an equitable remedy where the nature of the case requires special aid from the equity side of the court, to make the remedy complete and save the parties, perhaps, from irreparable loss.

Manifestly the statute periods of redemption are not repealed or otherwise modified.

In the present case, the plaintiff should settle its right at law, and there have its damages assessed, inasmuch as it shows no cause for asking relief from the equity side of the court.

The statute of 1893, c. 217, does not apply to pending cases, and therefore the entry is,

*Bill dismissed with costs.*