VIRA E. RIDLEY, by guardian, *vs.* HENRY RIDLEY.

Somerset.　Opinion April 17, 1895.

*Mortgage for Support. Possession. Heirs of Mortgagor. Stat. 1893, c. 217.*

When the condition of a mortgage for maintenance is that the mortgagee shall be supported upon the mortgaged premises by the mortgagor, with no mention of the heirs, assigns or other representatives of the mortgagor, such heirs are not entitled to the possession of the mortgaged premises against the mortgagee.

This was a real action and in which the plaintiff's right of possession was determined strictly at law. The defendant filed a plea in equity under Stat.' 1893, c. 217, which was sustained by the court below; but afterwards the case was reported to the law court, by consent of the parties, as an action at law.

ON REPORT.

This was a writ of entry to recover certain real estate in Athens, Somerset county. Writ dated August 16, 1893. The defendant pleaded the general issue, *nul disseizin*, with a brief statement. At the trial of the action the parties waived a jury, and submitted the case to the court with the right of exception.

The following facts appeared in evidence : The plaintiff is the only child and sole heir of Horace D. Ridley, late of said Athens, who died June 14, 1893. She is about three years old ; and her mother, Ida E. Ridley, widow of said Horace D. Ridley, was duly appointed her legal guardian by the probate court of said county, on the second Tuesday of July, 1893.

It was further proved that on April 3, 1884, Henry Ridley, the defendant, conveyed to said Horace D. Ridley, his son, the farm in Athens on which he lived, by deed of warranty, being the premises of which possession is demanded in this suit, said Henry Ridley being then about seventy years of age. At the same time, said Horace mortgaged the same back to his father, for the support during life, on said farm, of his said father and mother ( Eunice S. Ridley ), with a further stipulation that the two daughters, of said Henry Ridley ( Rebecca M. and Abbie E. Ridley ), sisters of said Horace D. Ridley, should have a home on said premises until each should have a home of her own.

It further appeared that the mother of the plaintiff, widow of said Horace, upon the Monday following his burial on the Saturday previous, offered to furnish the same support, in the same manner, to the defendant and his family as they had received prior to the death of said Horace, and several times repeated such offer before and after her appointment as guardian of the plaintiff, and renewed it on and before the date of the present writ.

It was admitted by the defendant that said Horace had fully performed all the conditions of the mortgage down to the time of his death, he having taken possession of the property on the day the deed and mortgage were executed, and having rendered to his father and his father's family all the support asked, or required, by them from that time until he died — a little more than nine years.

It was further proved that said Henry Ridley refused all offers of support made to him, as aforesaid, by said Ida E. Ridley as widow of said Horace and as guardian of the plaintiff, although living in common with the plaintiff and her mother, upon the supplies furnished by said Horace prior to his death, but not living together as one family; and that he claimed title to the property in himself as mortgagee.

Henry Ridley, the defendant, claimed that the contract of support was a personal one; that it could be performed only by said Horace D. Ridley; that neither the heir nor administrator of said Horace D. Ridley could claim to carry out the condition of the mortgage; that upon the death of said Horace D. Ridley there was no one authorized to support said Henry and his family, and that he then had the right to enter into possession and use the property for his own support and that of his wife; that upon the death of the said Horace there was a breach of the condition of said mortgage, from the fact that there was no one who could, against the will of said Henry, perform its conditions; that he entered upon said property after the death of said Horace, and occupied certain portions of the house, and carried on the farm in part until the bringing of this suit.

The defendant admitted that the estate of said Horace was entitled to equitable compensation for such support as had been furnished by said Horace in his lifetime; or was entitled to redeem said premises upon payment of such sum as should be a legal compensation for the support of said Henry and family, as was provided for in said mortgage; that after the bringing of the suit, to wit, on September 11, 1893, said Henry entered peaceably and openly and unopposed, in the presence of two witnesses, and took possession of the premises, for the purpose

448         **RIDLEY v. RIDLEY.**         **[87**

of foreclosing the mortgage claiming a breach of the condition, &c.

The plaintiff's counsel contended that all the rights of Horace descended to and vested in the plaintiff, his sole heir; that the widow was entitled to dower in the property, and each had the right to continue to perform the conditions of the mortgage; and that the offers of the mother in behalf of herself and her child ( the plaintiff ), which were rejected by the defendant, were equivalent to a full performance of said conditions, and entitled the plaintiff to recover in this action the possession of the premises, to enable her to continue to perform the conditions of the mortgage, to support the defendant and his family on said farm, in the same manner as they had been supported by said Horace Ridley prior to his death.

The plaintiff claimed to recover possession of the farm, buildings and rooms occupied by said Horace D. Ridley and his wife prior to his death. This included the kitchen, which was necessarily used by said Horace and wife in cooking the food for both families, but of which, as appeared in evidence, the defendant took possession on June 23, 1893, and refused to allow her to occupy longer.

The plaintiff did not claim to recover actual possession of the rooms occupied by said defendant and his family prior to the death of said Horace Ridley, that occupation having been unbroken from April 3, 1884, to the time of the trial — more than nine years, and the rooms having been selected under the mortgage.

After the hearing and arguments of counsel, the court, by consent and agreements of parties and their counsel, continued the case *nisi* for consideration; the decision to be made in vacation as of said September term, 1893, and to be so entered upon the docket, with right of exception to each party.

On December 11, 1893, the defendant's counsel filed in the clerk's office a motion to amend his pleadings by striking out the brief statement therein, and by inserting therefor the following grounds of equitable relief, as provided in chapter 217 of the statutes of 1893, as follows:

1. That prior to the third day of April, A. D. 1884, he was the owner in fee and possessor of the premises described in plaintiff's writ and declaration.

2. That on said third day of April, he conveyed the said premises by deed, to one Horace D. Ridley, as alleged in plaintiff's declaration.

3. That the plaintiff is the heir of said Horace D. Ridley, and derives her interest in said estate as such heir; and is an infant in arms.

4. That on said third day of April, A. D. 1884, the said Horace D. Ridley conveyed the said premises to the defendant in mortgage, the condition whereof is as follows: "Provided, nevertheless, that if the said Horace D. Ridley shall well and faithfully support and maintain said Henry Ridley, and his wife Eunice F. Ridley, on said premises, during the term of their natural lives, and the survivor of them, and furnish them with suitable food, raiment, and, in sickness, with proper nursing, medicine and medical treatment, all according to their age and condition in life; and shall also furnish thereon a home for Rebecca M. Ridley and Abbie E. Ridley, in such manner as they have had a home therein heretofore, until they and each of them shall have a home of their own; then this deed shall be null and void; otherwise remain in full force and virtue."

5. That thereupon the said Horace D. Ridley entered into possession of said premises, and fulfilled the conditions of said mortgage during his lifetime.

6. That the said Horace D. Ridley died June 14, 1893.

7. The defendant charges that the duty of performance of said condition was a personal one, and that by law it cannot be performed by the plaintiff without the consent or against the will of the defendant.

8. That the defendant has not consented and does not consent to the performance of the same by the plaintiff.

9. That because of the non-performance of the condition of said mortgage upon and after the death of the said Horace D. Ridley, the defendant entered and took possession of the said premises as for breach of the condition of the mortgage; and the defen-

dant charges that the condition of said mortgage became and is broken.

10.   That since the date of the plaintiff's writ, the condition of the said mortgage being broken as aforesaid, the defendant formally entered, peaceably and openly, no one opposing, in the presence of two witnesses, and took possession of the said premises for the purpose of foreclosure, in accordance with the statute in such case made and provided, and caused a certificate thereof, in due form of law, to be seasonably recorded in the Somerset registry of deeds.

11.   Forasmuch as the defendant can have relief only in equity, the defendant prays that an accounting be had, and that the plaintiff be decreed to pay the mortgagee the difference between the value of said premises and the amount expended by the said Horace D. Ridley in fulfilling the condition of said mortgage in excess of the use and income of said premises received by him, and that he hold said premises thereafter discharged of said mortgage liability; or that the defendant be permitted an annual allowance for his support; or, if he so elect, to pay such amount, if any, as the said Horace D. Ridley expended in performing the condition of said mortgage in excess of the income received by him from said premises, and thereupon the plaintiff be decreed to convey said premises to the defendant.

12.   And the defendant prays for such other and appropriate relief as to the court may seem meet.

                                                  Henry Ridley.
By Savage & Oakes, his attorneys.

On February 21, 1894, this motion was granted by the court, and the parties were directed to plead in equity.   To this ruling and order, the plaintiff duly excepted, claiming that the contracts of the parties measured and determined the rights of each and of both, and that the law applicable to those contracts regulated and fully protected those rights, and that there was no element or ground of equitable jurisdiction arising out of the facts in the case.   Exceptions were allowed to the plaintiff.

By agreement of the parties, the action was reported to the law court, who are to enter such judgment and give such direction to the case as the foregoing facts shall require.

*D. D. Stewart*, for plaintiff.

Defendant denies the power of any living person to redeem. This presents the anomaly of an irredeemable mortgage. Mortgage redeemable although the condition contains no reference to heirs. Litt. Ten. § 334; Co. Litt. §§ 205 (b), 206 (a), and 334. Mortgage is valid. *Lanfair* v. *Lanfair*, 18 Pick. 299; *Gibson* v. *Taylor*, 6 Gray, 310; *Moulton* v. *Trafton*, 64 Maine, 218; *Farnsworth* v. *Perry*, 83 Maine, 449. Parties are presumed to know that the father might outlive the son. Intention of the parties should govern. *Steel* v. *Steel*, 4 Allen, 419-421. Cases of similiar mortgages: *Wilder* v. *Whittemore*, 15 Mass. 262; *Lamb* v. *Foss*, 21 Maine, 240, 249; *Hill* v. *Morse*, 40 Maine, 522, 523; *Boggs* v. *Anderson*, 50 Maine, 162; *Dunklee* v. *Adams*, 20 Vt. 416; *Henry* v. *Tupper*, 29 Vt. 358; *Joslyn* v. *Parlin*, 54 Vt. 670; *Slater* v. *Dudley*, 18 Pick. 373; *Rowell* v. *Jewett*, 69 Maine, 294.

Heirs of an equitable mortgagor may redeem, *McPherson* v. *Hayward*, 81 Maine, 335. *A fortiori*, where the terms of a legal mortgage are set out expressly.

The title of a legal mortgagor having, therefore, descended to his heir, the plaintiff in this suit, she is entitled to maintain this writ of entry to recover possession of the property so that she may continue by her guardian, her mother, to render the support required by the mortgage and to perform its conditions. And the defendant, the mortgagee, has no right to oust her, or dispossess her. R. S., c. 90, § 2; *Clay* v. *Wren*, 34 Maine, 187; *Brown* v. *Leach*, 35 Maine, 39, 41; *Byrant* v. *Erskine*, 55 Maine, 156; *Wales* v. *Mellen*, 1 Gray, 512; *Haven* v. *Adams*, 4 Allen, 90.

The rights of these parties are measured by the contract and protected under it, and governed by it. The court cannot make new contracts for them. They can only enforce those made by the parties. *Dunklee* v. *Adams*, 20 Vt. 422, 424; *Eastman* v. *Batchelder*, 36 N. H. 150, 151; *Mason* v. *Mason*, 67 Maine, 548; *Hedges* v. *Dixon County*, 150 U. S. 189.

*A. R. Savage and H. W. Oakes*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-
HOUSE, WISWELL, JJ.

EMERY, J.   Henry Ridley once owned and occupied a farm.
He conveyed the farm in fee to his son, Horace, and took back
a mortgage, conditioned that "the said Horace D. Ridley shall
well and faithfully support and maintain said Henry Ridley and
his wife on said premises during the term of their natural lives
and the survivor of them," etc.   Horace D. Ridley entered into
occupation of the farm, and faithfully performed the condition
of the mortgage for nine years and up to the day of his sudden
death, June 14, 1893.   He left a widow and minor daughter.
Immediately after the burial, the widow, in behalf of herself and
daughter, offered to perform the condition of the mortgage,
and, after being appointed guardian for the minor daughter,
renewed the offer.   Henry Ridley, the mortgagee, declined to
receive performance of the condition at their hands, and under-
took to expel them from the premises and take possession
himself, and to foreclose the mortgage for condition broken.
They have elected to consider themselves disseized by this act
of Henry Ridley, and have brought, in the name of the daughter
and heir, a writ of entry against Henry Ridley to recover
possession.

At the trial, the presiding justice was of the opinion that
both parties had rights and interests which could be better
determined and enforced by proceedings in equity, and he
directed the parties to strike out their pleadings at law and
plead in equity, under chapter 217 of the statutes of 1893.  This
the plaintiff declined to do, questioning the authority of the
justice to make such order.   Instead of nonsuiting the plaintiff,
or otherwise enforcing his order, the presiding justice consented
to report the case to the law court.   It is now before us as an
action at law, the plaintiff insisting on a judgment at law, and
declining to avail herself of the statute of 1893.   Without
exercising our power under that statute, we proceed at her
request to examine the question of strict law, whether she was
entitled to the possession of the premises at the date of her writ.

The plaintiff claims that, as sole heir of Horace, she inherits the farm as his real estate, subject to the mortgage, and that she also inherits his right to perform the conditions of the mortgage, and to have possession of the farm for that purpose. The defendant claims that, while the plaintiff may inherit the farm, subject to the mortgage, she does not inherit any right to perform the condition of the mortgage, and hence has no right of possession as against him, the mortgagee. The case evidently turns upon the question whether the condition of this mortgage can be performed by an heir of Horace, the mortgagor, without the consent of Henry, the mortgagee.

It is to be noticed that the mortgage does not provide, in terms, that the condition may be performed by any heir, or assignee, or other representative of the mortgagor. By its terms, the mortgage can be satisfied only by Horace D. Ridley. In ordinary mortgages, to secure the payment of money or some like impersonal duty, the omission of the words "heirs" or "assigns" would have no effect to limit the right of performance of the condition to the mortgagor personally. In such cases it could make no difference to the mortgagee, who paid the money or rendered the impersonal service, and hence he could not equitably refuse to receive the performance from an heir or assignee of the mortgagor. The cases cited by the plaintiff amply establish this proposition.

The duty or service which this mortgage was given to secure is not of an impersonal character, like the payment of money. Much of the comfort of old age depends upon other things than food, clothing and shelter. Manifestations of personal interest, respect and kindness are very sweet to the aged. Domestic harmony and affection are more essential to them than to younger and stronger men. Henry Ridley was seventy years of age and was the absolute owner of the farm. He desired to live and be supported in his old age on this farm. In so disposing of it as to secure such support, he might well have a decided choice as to who should be master of the farm, and have the duty of his support. He might trust one person when he would not trust another. He might lovingly trust a son,

when he would not trust a son's widow or child. We think in mortgages of this kind, the omission of any reference to a performance of the condition by an heir or assignee of the mortgagor, indicates an intent that the mortgagee need not receive the service from such heir or assignee.

There are authorities for holding that such a condition as this is of a personal nature, creating a personal trust. In *Clinton* v. *Fly*, 10 Maine, 292, one Roundy, Sr., had conveyed his farm to the town of Clinton for his support. The town agreed to give Roundy, Jr., a deed of the farm, if he would support his father during his life. In this agreement no mention was made of heirs or assigns. *Held*, that an assignee of Roundy could not perform the condition. In *Eastman* v. *Batchelder*, 36 N. H. 141, Batchelder gave a deed of his farm to one Tasker, and took back a mortgage conditioned that he should be supported upon the premises during his natural life by Tasker, his heirs, executors or administrators. No mention was made of assigns. *Held*, that a grantee of Tasker was not entitled to perform the condition or redeem the mortgage. This case was cited with approval in *Bryant* v. *Erskine*, 55 Maine, 156. In this latter case, the mortgage was conditioned that "Linscott, [the mortgagor] his heirs, executors or administrators, should support," &c. It was held, that the assignee or grantee of the mortgagor could not maintain a bill to redeem, without alleging and proving that the assignment was with the consent of the mortgagee. In *Greenleaf* v. *Grounder*, 86 Maine, 298, the condition of the mortgage was that the mortgagor should support the mortgagee on the farm. A judgment creditor levied on the mortgagor's interest in the farm, and then brought a writ of entry to eject him. *Held*, that the mortgagor was entitled to the possession as against even his own levying creditor, since the creditor could not perform the condition of the mortgage. The court, speaking through Mr. Justice WALTON, said it was settled law in such cases, (where the mortgagee is to be supported on the premises) that the possession is more that of the mortgagee than of the mortgagor, and that neither can be ejected without the mortgagee's consent. In the opinion, the cases of *Bodwel*

*Granite Co.* v. *Lane*, 83 Maine, 168, and *Wilson* v. *Wilson*, 38 Maine, 18, were plainly distinguished. It may be further noticed that in *Wilson* v. *Wilson*, one, at least, of the surviving persons to be supported consented to the transfer.

It is true that in all the above cases the question was whether an assignee of the mortgagor could perform the condition. The question of the right of the heir of the mortgagor did not arise. It must be evident, however, that the heir is within the principle of these cases. The same reasons apply.

The mortgagee in this case does not consent to receive the performance of the condition of the mortgage from the heirs of the mortgagor. The heir cannot force him to receive it, and hence is not entitled to the possession of the farm. The question of strict law presented by the plaintiff must be determined against her.

*Plaintiff nonsuit.*