THE AMERICAN OIL COMPANY, IN EQUITY

*vs.*

EDWARD A. CARLISLE
AND
SUZANNE M. CARLISLE

Somerset.   Opinion, January 17, 1949.

2

*Perkins, Weeks and Hutchins,*
*Richard M. Sullivan,* for plaintiff.

*Paul L. Woodworth,* for defendants.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MERRILL, J. On exceptions by defendants. "This was an action on the case to recover damages for the breach of alleged covenants to make alterations, and to make repairs, contained in a lease. By order of court, plaintiff furnished specifications of its claims, and defendants furnished specifications of their defense. The court ordered the case to be heard in equity. At the conclusion, the court awarded

the plaintiff damages in the sum of two thousand eight hundred sixty-two dollars and sixty-four cents ($2,862.64) the full amount claimed." These facts are set forth in the bill of exceptions. It also appeared, and was freely admitted by counsel for the plaintiff, during argument, that the plaintiff's only claim was to recover pecuniary damages for the breach of certain alleged covenants by the defendants to make alterations and repairs as provided in a certain lease from the defendants to the plaintiff, and that it sought no equitable relief either before or after the transfer.

The defendants' bill of exceptions contains twenty-five specific exceptions directed to as many claimed errors in the course of the proceedings and in the findings of the presiding justice, also a general exception to the judgment and decree. The twenty-third exception was:

> "To the ruling that the moneys expended, labor and materials furnished by the plaintiff, in good faith and for amounts receivable, for its losses, caused proximately by defendants' breach of covenant are recoverable in the present action, the defendants except."

As this and the general exception must be sustained and the decree vacated, upon the grounds hereinafter set forth, there is no need to consider the other exceptions.

Neither the fact that the plaintiff had a "plain, adequate and complete" remedy at law, nor legal error, due thereto, in the transfer from law to equity were *specifically assigned* as the grounds upon which these two exceptions were taken. Each of these grounds is directed to the "equity jurisdiction" of the court, that is to the authority of a court of equity to take cognizance of and determine the cause upon its merits. In this limited sense they are jurisdictional in their nature. If they have been made to appear to the court, they require the sustaining of said exceptions even though not specifically assigned as grounds therefor.

Enough appears to make it clearly apparent that had the plaintiff, in the first instance, filed a bill in equity to enforce its claim for pecuniary damages for breach of covenant, it could not have maintained the same. Such claim would neither have required nor even justified equitable relief. The bill would have to be dismissed on the ground that the plaintiff had a plain, adequate and complete remedy at law. With some possible exceptions, of which this is not one, the statute conferring full equity powers upon the court excludes all cases where there is a "plain, adequate and complete remedy at law." Such cases are beyond the equity jurisdiction of the court.

In the instant case neither before nor after the transfer was the relief sought, nor was the relief awarded equitable in its nature to the slightest degree. The plaintiff's claim was purely legal in its nature. It did not even savor of equity as distinguished from law. All that the plaintiff sought, either before or after the transfer from law to equity, was a judgment for money damages, and such was the only relief obtained. His remedy at law was plain, adequate and complete, and there is not even a suggestion to the contrary.

We are here presented with a situation where it has been made to appear to this court that the Justice of the Superior Court at Nisi Prius has of his own motion transferred to the equity court and heard and determined in equity, and as a cause in equity, a cause of action strictly legal in its nature and in which the only relief asked, or which could be given, was the legal relief afforded by a judgment for money damages. The situation thus presented is to say the least a novel one.

At common law a Justice at Nisi Prius had no power to transfer an action at law to the equity court. Such power and authority as such justice now possesses must depend solely upon statutory provision. Such power and authority as he has in this respect is derived from R. S., Chap. 100,

Sec. 15. It was under authority of this section of the statute that the presiding justice in this case presumed to act. This section is as follows:

"When, in an action at law in the superior court, it appears that the rights of the parties can be better determined and enforced by a judgment and decree in equity, the court may, upon reasonable terms, strike out the pleadings at law and require the parties to plead in equity in the same cause and may hear and determine the cause in equity."

This is the first section of the so-called "Law and Equity Act," R. S., Chap. 100, Secs. 15-21. It was originally enacted as P. L., 1893, Chap. 217. Except for changing the words "supreme judicial court" in the original act to "superior court" as in the present revision, Section 1 of the original act is identical with Section 15, *supra*.

The foregoing section of the statute does not enlarge the jurisdiction of a court of equity. It merely provides a new method of placing a case which a court of equity has the power to consider before it for determination.

If it is only when the rights of the parties can be *"better"* determined in equity that the justice may act, it is clear that it is a condition precedent to such action on his part that the rights of the parties *can be* determined in equity. Before the rights of the parties can be determined in equity, there must be a cause of action within the jurisdiction of the equity court to hear and determine. Then and only then can the court in the words of the statute "strike out the pleadings at law and require the parties to plead in equity in the same cause and hear and determine the cause in equity."

Unless a bill in equity sets forth a cause of action within the equity jurisdiction of the court it cannot be maintained. If after an order of the kind provided for in Section 15 the plaintiff cannot state his case as a cause of action within the equity jurisdiction of the court, it cannot be maintained,

6

and by the same token the justice cannot hear and determine the cause in equity.

We hold that the power of a Justice at Nisi Prius to act under Section 15 of the Law and Equity Act is limited to those cases only in which the plaintiff's cause of action may be stated as a cause of action within the jurisdiction of an equity court to hear and determine. Unless the cause of action is of this nature a Justice of the Superior Court has no power nor authority to order its transfer to equity under said section of the statute. Such order in excess of his power and authority would be legal error, and would confer no jurisdiction on the equity court to hear and determine the cause. Neither does the fact that in such a case the defendant may have pleaded an equitable defense to the action at law under R. S., Chap. 100, Sec. 18 authorize the transfer from law to equity. Section 18, unlike Section 15, does not contemplate pleading in equity and a transfer to the equity court and the hearing and determining of the case in equity. Under Section 18 the equitable defense is to be pleaded at law. Instead of striking out the pleadings at law and pleading in equity as in the cases provided for in Section 15, the statute provides that the equitable defense "shall be pleaded in the form of a brief statement under the general issue." Instead of providing that the case shall be heard and determined in equity, as in Section 15, Section 18 provides that he "shall receive such relief as he would be entitled to receive in equity, against such claims of the defendant." If in view of these provisions of the statute there be a doubt as to the question of whether Section 18 contemplates the transfer of the cause to a court of equity, Section 19 is conclusive. By that section the court in an action at law to which an equitable defense is pleaded under Section 18 is given the power to "make such decrees and restraining orders as may be necessary to protect and preserve such equitable rights, and may issue injunctions according to the usual practice in equity."

The power and authority to transfer an action at law to the equity court depends upon the nature of the cause of action, not upon the nature of the defense alleged thereto.

It becomes necessary, therefore, in determining the power of the presiding justice in the instant case to order the transfer of the action at law to equity and to hear and determine the same in equity, to examine the nature of the plaintiff's claim to see whether or not the same was within the jurisdiction of the equity court.

As we have heretofore shown, in the instant case the plaintiff had a plain, adequate and complete remedy at law. Under such circumstances, subject to certain exceptions of which this is not one, there can be no remedy in equity. Such cases are not within the jurisdiction of an equity court. We said in *Caleb* v. *Hearn*, 72 Me. 231:

> "The only relief sought, is compensation in damages for a wrong fully accomplished, and done to the estate of John O. Caleb, whose administrator would have upon the facts alleged, an abundant remedy at law. The bill cannot be maintained for two reasons: 1, because of the want of a proper party plaintiff; 2, because the only party directly injured, has an adequate remedy at law. *Fletcher* v. *Holmes*, 40 Maine, 364; *Crooker* v. *Rogers*, 58 Maine, 339; *Ins. Co.* v. *Hill*, 60 Maine, 178."

This case was cited with approval in the very recent case of *Hutchins* v. *Hutchins*, 141 Me. 183, 193; 41 A. (2nd) 612, 616. Further citation of authorities upon this proposition is unnecessary.

The case of *Hutchins* v. *Hutchins, supra,* stands for the further legal proposition, well established in this though not prevailing in some jurisdictions, with respect to lack of jurisdiction in equity because of an adequate remedy at law:

> "The fact that the question of equity jurisdiction was not raised by the defendant does not confer

such jurisdiction when the absence of the same is apparent. *York* v. *McCausland,* 130 Me., 245, 154 A. 780."

Before the passage of the "Law and Equity Act" if equitable relief was denied the court could not retain the bill to afford legal relief. As said in *Gamage* v. *Harris,* 79 Me. 531, 536; 11 A. 422, 423:

" 'The rule is, that when a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot, for defect of proof or other reason, be granted the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice. *Russell* v. *Clark,* 7 Cranch, U. S. 69 [L. Ed. 270]. *Price's Patent Candle Co.* v. *Bauwens Patent Candle Co.* 4 Kay & J. 727; *Baily* v. *Taylor,* 1 Russ & M. 73; *French* v. *Howard,* 3 Bibb. (Ky.) 301; *Robinson* v. *Gilbreth,* 4 id. 153; *Nourse* v. *Gregory,* 3 Litt. (Ky.) 378;' *Dowell* v. *Mitchell,* 105, U. S. 430, [26 L. Ed. 1142]."

This being true, a court in equity cannot retain a bill in order to *itself* afford legal relief, when it appears that the nature of the plaintiff's claim is not cognizable by an equity court and that the relief sought is merely legal in its nature. In other words, while some claims based upon a legal right may be cognizable by an equity court for the purpose of the granting of equitable relief, and while in some cases the court in equity may grant monetary damages where the subject matter of the cause is within its jurisdiction, equity has no jurisdiction over causes where neither the subject matter of the cause nor the relief sought are equitable in their nature. The instant case is clearly within the latter classification.

When a cause of action falls within this classification, an action at law affords the plaintiff's only remedy, and when he seeks it by such an action, R. S., Chap. 100, Sec. 15 confers no power nor authority upon a Justice of the Superior Court at Nisi Prius to order its transfer to the equity court.

If he does so in such case, and it is made to appear, as here, that such cause in equity is not within the jurisdiction of the equity court, it is the duty of the court in equity to either dismiss it or to order it transferred to the law docket for disposition at law as provided in R. S., Chap. 100, Sec. 16. It cannot retain it to afford relief which may be had at law.

In argument counsel for the plaintiff urged that the transfer of an action at law to equity as provided in Section 15 of the "Law and Equity Act" was a matter wholly within the discretion of the presiding justice. He cited and relied upon Whitehouse Equity Practice, 1st Edition, Section 425 which reads as follows:

> "*Allowance within discretion of court and not subject to exceptions.*
>
> It will be seen from the opinion of the court above quoted in Ridley v. Ridley, 87 Me. 445, 452, 32 A. 1005 that such a change in the pleading does not depend solely upon the volition of the plaintiff, but may be ordered by the court sua sponte and it would therefore seem to be entirely within the discretion of the court whether to allow or refuse such change in any case. Furthermore the change properly comes under the head of amendments and should, it would seem, be governed by statute R. S. c. 77, sec. 11, allowing amendments at the discretion of the court at any time before final decree and the decision in Gilpatrick v. Glidden, 82 Me. 201, 19 A. 166, holding that exceptions do not lie to the exercise of such discretion."

If, as was suggested by counsel for plaintiff at the argument, this statement be interpreted to mean that a justice of the Superior Court has a discretion unrestrained and absolute and which is subject to no power of review, whereby he can transfer any case at law, to the equity court which court must retain and decide the cause even where there be no vestige of equitable jurisdiction over the cause or to grant equitable relief, this statement of the law cannot be

sustained. To be a correct statement of the law *discretion* as contained in the foregoing extract from Whitehouse must be interpreted as meaning *judicial discretion*. As was well said in *Bourisk* v. *Mohican Co.* 133 Me. 207-210; 175 A. 345, 346:

> "And it is well settled that judicial discretion must be exercised soundly according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. When some palpable error has been committed or an apparent injustice has been done, the ruling is reviewable on exceptions. *Charlesworth* v. *American Express Company*, 117 Me., 219, 103 A., 358; *Fournier (Hutchins)* v. *Tea Company*, 128 Me., 393, 148 A., 147. It is when judicial discretion is exercised in accordance with this rule that it is final and conclusive. *Chasse* v. *Soucier*, 118 Me., 62, 63, 105 A., 853."

To multiply authorities bearing upon this well established principle that that discretion which is to be exercised by a court is judicial discretion would serve no useful purpose. In the instant case, the presiding justice committed what is described in *Bourisk* v. *Mohican Co., supra* as "palpable error." He transferred from the law docket to the equity docket, to be heard in equity, a cause of action that had nothing equitable as distinguished from legal in its nature and which did not in any way demand or even justify the peculiar relief which can be afforded only in equity. This having been made to appear to this court it is evident that the cause of action was not cognizable in a court of equity. The equity court had no power nor did it have authority to hear and determine the same as a cause in equity.

It is to be noted that this cause is before the court only upon a bill of exceptions. The defendants also made an ineffectual attempt to appeal, and in pursuance thereof, presented to the court the complete record in the case. The

record, however, shows that the so-called appeal was taken from the findings of the presiding justice and was noted on the docket prior to the filing of the actual decree in the case. This appeal was premature for it is provided by Sec. 21 of Chap. 95 with respect to appeals from final decrees as follows:

> "From all final decrees of such justice, an appeal lies to the next term of the law court. Said appeal shall be claimed by an entry on the docket of the court from which the appeal is taken, within ten days after such decree is signed, entered, and filed, and notice thereof has been given by such clerk to the parties or their counsel."

The statement of the presiding justice at the close of his findings "the loss and damage to the plaintiff is in the sum of $2,862.64 and judgment for the plaintiff to be rendered in accordance herewith" is not a final decree from which an appeal can be taken. The final decree referred to in the statute from which an appeal may be taken is the final decree formally drawn, signed, entered and filed. See *Gilpatrick* v. *Glidden,* 82 Me. 201; 19 A. 166.

The record discloses that these findings were filed on April 26, 1948 and that on that date the defendants claimed their appeal and exceptions upon the docket. The docket further discloses that on May 11, 1948 the formal decree was filed and that the defendants then excepted thereto. There is no docket entry showing that an appeal was claimed from said decree. Neither are the findings of the justice an interlocutory decree or order from which an appeal can be taken under R. S., Chap. 95, Sec. 23. Such findings of fact and law may only be attacked by exceptions and then only for errors of law.

> "No questions of fact are open for consideration upon exceptions." *Emery* v. *Bradley,* 88 Me., 357, 359, 34 A. 167, 168.

Whether or not under the ancient rules of chancery practice a final decree was subject to exceptions, R. S., Chap. 95, Sec. 26 as interpreted by this court gives to either party aggrieved the right to take exceptions to a final decree. As said in *Emery* v. *Bradley, supra:*

> "The plaintiff's counsel insists at the outset that exceptions cannot be allowed to a final decree; that the only mode of obtaining a review by the law court of any part of the final decree is by appeal. The equity procedure act, however, seems to contemplate exceptions to a final decree, whatever may be the general rule. Of course, exceptions to any part of a final decree can only present a question of law. No questions of fact are open for consideration upon exceptions. An exception to a final decree may often be preferable to a general appeal. The latter opens up the whole case for rehearing on law and facts, and requires the transmission to the law court of copies of all the pleadings, orders and evidence. The former presents solely a question of law for rehearing and requires usually but a very small part of the record to be transmitted to the law court."

Sec. 26 of Chap. 95 among other things, after providing for the mechanics of taking exceptions, states "In all other respects, such exceptions shall be taken, entered in the law court and there heard and decided like appeals."

In the case of *Hutchins* v. *Hutchins, supra* we held that when the absence of equity jurisdiction became apparent due to the fact that the plaintiff had a plain, adequate and complete remedy at law, an appeal must be sustained even though the question of equity jurisdiction on that ground was not raised by the defendant. We further held that the fact that he did not raise the question does not confer jurisdiction upon the court when its absence for such reason is apparent. To hold otherwise would in effect confer upon the parties to the cause, by inaction upon their part, the power to confer equity jurisdiction upon the court. Jurisdiction to hear and determine causes in equity is con-

ferred upon the court only by law. It cannot be conferred upon the court either by consent, action or inaction on the part of the litigants. Neither can equity jurisdiction be conferred upon the court by the transfer of an action at law, purely legal as distinguished from equitable in its nature, by the action of a presiding Justice at Nisi Prius purporting to act under Section 15 of the Law and Equity Act. Only cases involving questions cognizable in equity and in which equitable relief can be granted can be so transferred. When we say that cases may be transferred from law to equity under the provisions of Section 15 in the discretion of the presiding justice, we mean judicial discretion as heretofore defined. The exercise of discretion in this matter if abused, within the legal meaning of the word abused, that is, exercised nonjudicially, may be attacked by exceptions. When so transferred in such abuse of judicial discretion, the transfer confers no jurisdiction on the equity court. To hold otherwise would empower a single justice to transfer from law to equity any action at law at his will and pleasure. Such authority, if not subject to challenge when exercised arbitrarily or in defiance of well established principles of law, would give to a single justice the power to destroy the right of jury trial as vouchsafed by Section 20 of the Bill of Rights in the Maine Constitution. As said in *Rockland* v. *Water Co.* 86 Me. 55, 57; 29 A. 935, 936.

"The Supreme Court has always held its equity powers measured by the jurisdiction of the English chancery. Our jurisdiction may be limited from time to time by statutes bestowing equitable remedies upon courts of law, if the statute expressly so provides or plainly so intends; 1 Pom. Eq. Sections 276-281, and cases cited; but it cannot be enlarged, otherwise the right of trial by jury, according to the course of the common law, might be denied in violation of Art. 1, Sec. 20, of our Constitution that is similar to the VII amendment of the constitution of the United States, already considered by the Supreme Court. *Scott* v. *Neely,* 140 U.S. 106; 11 S. Ct. 712 [35 L. Ed. 358];

*Whitehead* v. *Shattuck,* 138 U.S. 146; 11 S. Ct. 276 [34 L. Ed. 873]."

It is obvious that this cause was not within the jurisdiction of a court in equity to hear and determine. It was an action at law pure and simple in which no equitable relief was sought. As well stated by Whitehouse in his work on equity practice:

"It is a fundamental and indispensable rule that the allegations of the bill must state a case within the jurisdiction of a court of equity. If the bill fails in this respect the error is fatal in every stage of the cause, and cannot be cured by consent of the parties. It is the duty of the court to stay proceedings whenever its lack of jurisdiction is manifest; and it matters not whether this defect is brought to the attention of the court by a party or by an amicus curiae, or is obtained by an inspection of the proceedings at the instance of the court itself." 2nd Edition, Sec. 90.

In this case it having been made to appear to the court that the cause was not within the equity jurisdiction of the court to hear and determine, the specific exception to the ruling that the plaintiff's "losses caused proximately by defendants' breach of covenant are recoverable in the present action" and the general exception by the defendants to the final decree must be sustained and the decree vacated. Under the Law and Equity Act, while the Law Court has power under Sec. 17 of Chap. 100 of R. S., to transfer an action at law commenced in the Superior Court and pending in the Supreme Judicial Court as a Law Court to the equity court, no such right is conferred upon us to make such transfer from equity to law. However, in this case as the cause was improperly transferred by a justice of the Superior Court from the law docket to the equity docket, the case should not be dismissed, but restored to the law docket of the Superior Court. The exceptions being sustained, the decree must be vacated, the case remanded to the Superior Court in Equity, that court should strike out the pleadings

in equity and require the parties to plead at law in the same cause in the Superior Court. This when accomplished will restore the case to the law docket of the Superior Court, which court will then proceed to hear and determine the case at law.

*Exceptions Sustained.*

*Decree vacated. Cause remanded to the Superior Court in Equity, the court to strike out the pleadings in equity, require the parties to plead at law in the same cause in the Superior Court, said court to hear and determine the cause at law.*