ZENAS LOTHROP & *al. versus* JESSE PAGE.

Where exceptions may be alleged in the District Court, questions arising at the term of the Court at which the exceptions are taken, can alone be presented. The regularity of the proceedings at any former term of the Court cannot be presented by exceptions at a subsequent term.

Every Court of record has power over its own records and proceedings, to make them conform to its own sense of justice and truth, so long as they remain incomplete, and until final judgment has been entered.

The authority to vacate a final judgment, irregularly entered at a former term, has also been asserted and exercised. And it is the well established practice and course of proceedings in such Courts, to regard all actions in which a final judgment has not been entered, whether on the docket of the existing or a former term, as within the jurisdiction and control of the Court.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding, filed at the December Term, 1843, of that Court. The facts are stated in the opinion of the Court.

*Harding,* for the plaintiff in review, contended that after the District Court had accepted the first report of the referees, it had no further power over the case. The question as to costs was one arising after the judgment, and could not affect it. The plaintiffs in review objected to the bringing forward of the action, and to the recommitting of the report of the referees, which had once been accepted. The Court had no power to do either. There was no action to bring forward. It is said to be an action until judgment is entered, but not after. 1 Dane's Abr. 143. The Court having accepted the report, was bound by it. 2 Mass. R. 164. Even the Supreme Court has no power to correct or vacate an award. 6 Pick. 269, 274.

It was also contended, that the referees, by their own showing, had conducted erroneously.

*Bulfinch,* for the defendant in review, contended that before final judgment and the record of the same, the Court has the control of its proceedings and records, and may so amend and order the same as justice shall require.

In this case the referees had certified to the Court, that they were not satisfied with the award, and it was within the discretion of the Court to order the action to be brought forward on the docket, and to recommit the report of the referees. The recommitment of a report of referees is merely an act of discretion on the part of the Judge, and is not the subject of a bill of exceptions.    8 Greenl. 288.

The opinion of the Court was prepared by

SHEPLEY J. — It appears from the bill of exceptions, that this action had been referred in the District Court; that the referees made a report at the term of that Court holden in this county, in the month of April, 1841, which was accepted; that an appeal from a decision of the clerk, respecting costs, was made. It does not appear, that any decision was made thereon, by the Judge, or that any final judgment was entered. On motion of the counsel for the defendant in review, an order was made at the next term, that the action should be brought forward from the docket of the last term ; that the acceptance of the report should be stricken off ; and that the report should be recommitted to the referees.   A report was again made at a term of that Court holden in the month of August, 1842. The action was continued from term to term, to the term holden in the month of December, 1843, when the last report was accepted.   To these proceedings the counsel for the plaintiffs in review objected.

Questions arising at the term of the Court, at which the exceptions are taken, can alone be presented.   The regularity of the proceedings at the term of the Court holden in August, 1841, cannot properly be presented by a bill of exceptions allowed at the term holden in December, 1843.   The counsel for the plaintiffs in review, insists, however, that the report could not be legally accepted at the December term, in 1843,

because the first acceptance was final, and the Court had no further power over the action. But the acceptance or rejection of the report was the only matter presented for the consideration of the Court in December, 1843; not the regularity of its proceedings at a term holden more than two years before that time. If there were any irregularity in the former proceedings, to which exceptions were not then taken, they could be presented to this Court only by a writ of error. There does not, however, appear to have been any error in those proceedings. Every court of record, has power over its own records and proceedings to make them conform to its own sense of justice and truth, so long as they remain incomplete, and until final judgment has been entered. The authority to vacate a final judgment irregularly entered at a former term, has also been asserted and exercised. It is the well established practice and course of proceeding in such courts to regard all actions, in which a final judgment has not been entered, whether on the docket of the existing, or a former term, as within the jurisdiction and control of the Court. *Commonwealth* v. *Moore,* 3 Pick. 194; *Sawtell, Pet.* 6 Pick. 110; *Delaney* v. *Brownell,* 4 Johns. R. 136. The like power has been asserted and exercised by the courts in this State.

*Exceptions overruled.*