FRANCIS SHEPHERD *versus* WATSON RAND.

When final judgment has been entered in an action for the defendant, and the parties are out of Court, the *judicial* power of the Court ceases; as nothing remains to be done, but to tax the costs, which requires merely the exercise of *ministerial* powers; costs being only an incident to the judgment.

But if, *at the term*, the costs are taxed, and an adjudication thereon is had, either party, dissatisfied with the ruling of the Court, may except. Otherwise, where, on appeal from the clerk's taxation, the question is adjudicated by one of the Judges in vacation, or at a subsequent term.

It is not within the discretionary power of a Judge at *Nisi Prius*, to order the action brought forward and entered upon the docket of a subsequent term, not for the purpose of amending the record, but, in effect, to nullify it, so that a negligent party may have an opportunity to except to the decision of a tribunal that he has himself selected, in the taxation of costs.

THIS case was presented on EXCEPTIONS, taken by both parties, to the rulings of DAVIS, J.

This action, which was upon a note of hand, was referred

by a rule of Court. The referee made his report in favor of the defendant, at April term, 1859, awarding him his costs of Court, to be taxed by the Court; the report was accepted and judgment ordered thereon by the Court.

In the vacation, between the April term aforesaid and the next term, the defendant taxed his costs, which was passed upon by the clerk. The plaintiff appealed from the decision of the clerk to a Justice of the Sup. Jud. Court. The question of costs was heard on the appeal, before Judge DAVIS, and decided after the commencement of the next term. The defendant, being dissatisfied with the decision of the Judge on the question of costs, moved the Court for leave to bring forward the action on the docket, in order that he might take exceptions to the ruling of the Judge on the question of costs. The Court ordered the action to be brought forward on the docket and entered on the docket of this term, as a continued action. To this order the plaintiff excepted.

The defendant excepted to the disallowance of fees of certain witnesses, included in his taxation of costs.

*J. C. Woodman,* for plaintiff.

*Davies,* for defendant.

The opinion of the Court was drawn up by

CUTTING, J. — The case finds *that,* at the April term of this Court, 1859, the report of the referee was accepted in favor of the defendant, and for his costs, and that "judgment was ordered thereon"; *that,* at the succeeding October term, the defendant, for the purpose of excepting to the ruling of the Judge upon a question of costs, made a motion to bring the action forward, and it was so ordered. To which ruling, the plaintiff, considering himself aggrieved, has excepted; and the question arises whether the Judge, under the circumstances, was justified in sustaining the motion.

Upon this subject, the law is well stated in *Lothrop* v. *Page,* 26 Maine, 119, which is, that "Every court of record has power over its own records and proceedings, to make them

conform to its own sense of justice, so long as they remain incomplete, and until final judgment has been entered." And further, " It is the well established practice and course of proceeding in such courts, to regard all actions, in which a final judgment has not been entered, whether on the docket of the existing, or a former term, as within the jurisdiction and control of the Court."

And so, in *Sawtelle, pet'r*, 6 Pick., 110, the Court remark; " We are of opinion that, there having been no judgment, it was within the discretionary power of the Court to take off the default, as much as it would have been to order judgment. The case remaining on the docket unfinished, they had jurisdiction over it to sustain either motion."

But those cited were not like the present case. Here the final judgment had been rendered and the parties were out of Court—the judicial power was exhausted, and to be succeeded only by that of the ministerial. The taxation of costs was only *incident* to the judgment, and, if taxed and adjudicated at the same term, might have been the subject matter of exceptions; but not so, if taxed afterwards, when *the* party selects his tribunal, and, whether its decision be satisfactory or otherwise, *both* parties must submit, and the party dissatisfied cannot afterwards resort to another jurisdiction, to be created by nullifying a final judgment, not by any process known to the law, such as error or review—not for the purpose of making the records and proceedings conform to the Court's own sense of justice, but for the sole object of allowing a negligent party to take advantage of such negligence. A Judge at *Nisi Prius* has no such discretion.

The plaintiff's exceptions are sustained, and, consequently, those of the defendant are overruled.

TENNEY, C. J., APPLETON, GOODENOW, DAVIS and KENT, JJ., concurred.