OBADIAH S. WEST and wife *vs.* JAMES S. JORDAN.

*Practice upon the death of a party after verdict.*

An action on the case brought by husband and wife for a personal injury to the wife, cannot proceed after the death of the wife except in the name of her legal representative. The husband should withdraw as an original party; but when appointed administrator of the wife's estate may come in and prosecute in that capacity.

Where, after verdict for the plaintiffs in such case, and pending the hearing and decision upon the defendant's exceptions in the Law Court, the wife dies, and her death is not suggested upon the docket, and the clerk, upon the overruling of the exceptions, enters up, and records a judgment as of a term subsequent to the death of the wife in the names of the original plaintiffs, such judgment and record are irregular and null; and the court, upon a written motion, of which the defendant has notice, will order the action brought forward upon the docket in order that a proper judgment may be entered in the manner above stated.

When no proceedings have been had upon the former irregular judgment, and justice requires it, and third parties are not affected thereby, upon the appearance of the husband as administrator, the court will order judgment upon the verdict in the action thus brought forward.

ON EXCEPTIONS.

This was an action on the case brought by a husband and wife to recover damages for an injury to the female plaintiff, Phebe West, alleged to have been occasioned by the carelessness of the defendant's servant. The action was tried at the April term of this court, 1871, for the county of Androscoggin, and a verdict was found for the plaintiffs in the sum of $481.82. The case was carried to the Law Court, July term, 1871, on exceptions and a motion to set aside the verdict.

Mrs. West died on the 13th of November, 1871. August 5, 1872, the decision of the full court ordering "judgment on the verdict" was certified to the clerk of courts for the county of Androscoggin, and he thereupon entered up judgment accordingly, as of the April term, 1872, in that county, recorded the same, and the judgment as thus recorded remained, without any suggestion of the death of Mrs. West, until the January term, 1873, in the same county. The husband, Obadiah S. West, was appointed administrator of the estate of his said wife, at the December term, 1872, of the probate court for this county, and at the said January term, 1873, the said Obadiah S. West, as such administrator, filed a motion that said action should be brought forward and the proper judgment made up. The presiding judge granted this motion against the objection of the defendant, and the case was brought forward, and the following entry ordered to be made in the case : "Death of plaintiff, Phebe West, suggested. Obadiah S. West, husband, withdraws as a party, and it is discontinued as to him as original party, and said Obadiah S. West comes in as administrator of Phebe West, his late wife, and assumes the prosecution of this suit. Judgment for said administrator for $481.82."

To the granting of the foregoing motion and the directions by the presiding judge, in regard to the foregoing entry in the action, the defendant excepted.

West *v.* Jordan.

*Record & Hutchinson,* for the defendant.

The plaintiffs have a judgment recorded in their favor which is good until annulled or reversed by some appropriate process. *Banister v. Higginson,* 15 Maine, 73; *Granger v. Clark,* 22 Maine, 128; *Smith v. Keen,* 26 Maine, 411. Then, while they have one judgment in force, another is ordered to be entered in favor of another party plaintiff. Obadiah West, as administrator, had ample remedy on the original judgment. R. S., c. 81, § 11; c. 87, §§ 20 and 21.

*W. W. Bolster* and *A. M. Pulsifer,* for the plaintiffs.

This action survives. *Hooper v. Gorham,* 45 Maine, 209; but the husband cannot prosecute it as survivor. R. S., c. 87, § 10; *Norcross v. Stuart,* 50 Maine, 87. Hence after the wife's death there was no party plaintiff in court until the administrator appeared.

BARROWS, J. Case for an injury suffered by the female plaintiff through the carelessness of defendant's servant. After verdict for plaintiffs at the April term, 1871, defendant filed exceptions and motion to set aside the verdict, which were overruled at the July term, 1872, prior to which, in November, 1871, Mrs. West died. But no suggestion of her death had been entered on the docket; and when the certificate of the decision of the Law Court was received, the clerk made up and recorded the judgment as of the April term, 1872. In November, 1872, the husband was appointed administrator on the estate of the wife, and at the January term, 1873, filed a motion that the action should be brought forward "that the proper judgment may be made up."

Against the objection of the defendant, the presiding judge allowed the motion, and thereupon the case was brought forward and, under the direction of the court, an entry was made setting forth the death of the wife, the withdrawal of the husband as a party, and a discontinuance on his part as an original party, his appearance to prosecute the suit as administrator of the wife, and

West v. Jordan.

the rendition of judgment on the verdict in his favor as administrator.

To the allowance of the motion and all these proceedings the defendant excepted. That the proceedings would have been correct and appropriate if they had been had before the defendant's exceptions and motion to set aside the verdict were overruled, was settled in *Norcross v. Stuart*, 50 Maine, 87. But the defendant objects that one judgment has already been rendered and recorded against him, which will remain until reversed by some appropriate process, and he suggests danger of a double liability. We think the danger is more imaginary than real. We think the old record is effectually vacated by the allowance of this motion to bring forward the action "that the proper judgment may be made up;" and that though this could not be done where a judgment had been regularly rendered, it may be in a case like this, where one has been improvidently entered which would, unless corrected, be absolutely invalid.

The case is not a novel one. In *Stickney v. Davis*, 17 Pick., 169, similar proceedings seem to have been had, and Shaw, C. J., remarks: "where a cause, after argument, is held under advisement, the court will order a judgment to be entered *nunc pro tunc*, to avoid entering an erroneous judgment, when a party has died in the mean time. When it clearly appears that no action has been had on the judgment, or the execution, if one has been issued, has been returned to the files unexecuted, and where the rights of third persons cannot be affected, there seems to be no reason why the same thing should not be done by vacating the entry of judgment and bringing the action forward. This ought to be done with great caution, and with strict regard to the rights of others." That this caution was observed in the case at bar, the associates of the learned judge who directed these proceedings (and who has since retired from the bench) cannot doubt.

The defendant was heard upon the motion, or had an opportunity to be heard. There is nothing in the exceptions to indicate that any movement was ever made to enforce the judgment thus

improperly entered and recorded, or that, with these proceedings spread upon the record, there could be any danger of harm to the defendant, or to any third party, from the summary correction of this mistake. The clerk should make a reference to the subsequent proceedings in the case on the face of his first record, and then its invalidity is established and patent.

Among the records of judgments which are irregular and will be stricken out on motion, we find mentioned those which are entered after the death of a party. Freeman on Judgments, § 97; *Holmes & al. v. Howie*, 8 Howard's N. Y. Practice Reports, 384.

Why should it not be so? The court cannot proceed in a case where there is a want of living parties. Unless the case is one which can properly go forward in the name of survivors and a discontinuance as to the deceased is duly entered, every act done in the case except those which make known the fact of decease and tend to supply the vacancy, must be irregular and null until some living representative of the decedent appears. Then only can a judgment be regularly rendered.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH, and VIRGIN, JJ., concurred.