THOMAS GILPATRICK, and others, in equity, *vs.* DANIEL GLIDDEN, admr. and others.

Kennebec. Opinion December 28, 1889.

*Equity. Amendment. Exceptions. Final decree. Practice. R. S., c. 77,*
*§§ 11, 20, 26.*

A bill in equity "may be amended or reformed at the discretion of the court, with or without terms, at any time before final decree is entered in said cause." R. S., c. 77, § 11.

Exceptions do not lie to the exercise of this discretion.

A decree becomes final when formally drawn, adopted by the court, and placed on file as the judgment of the court.

A mere order for a decree before it is extended in due form and in apt and technical language, is not a final decree, or a complete record of the judgment of the court.

ON EXCEPTIONS.

The court having granted an amendment to the original bill (81 Maine, 158) the defendants excepted to its allowance. The grounds of the exceptions are stated in the opinion.

*Baker, Baker and Cornish,* for plaintiffs.

*Spear and Clason, Loring Farr,* with them, for defendants.

FOSTER, J. The case was heard in the first instance by a single justice upon the bill in its original form. A decree was rendered in favor of the plaintiffs, from which an appeal was taken by the defendants to the full court, and there the judgment of the court below was sustained, and "decree accordingly" was ordered. *Gilpatrick* v. *Glidden,* 81 Maine, 158.

Thereupon, before any final decree had been signed or ordered filed by the court, the plaintiffs by motion in writing asked leave to amend their bill and therein specifically setting forth the amendments desired.

Upon that motion notice was duly ordered, a hearing thereon had, the motion sustained and the amendments allowed. To the ruling of the justice allowing the amendments exceptions were taken.

There is no ground upon which these exceptions can be sustained.

The statute in reference to proceedings in equity specifically provides that the bill "may be amended or reformed at the discretion of the court, with or without terms, at any time before final decree is entered in said cause." R. S., c. 77, § 11.

This discretionary power vested in the court by positive and express enactment is not subject to review by this court upon exceptions. No appeal was taken. The exceptions challenge the authority and not the discretion of the court.

The only remaining question is whether there had been, at the time the amendments to the bill were allowed, any "final decree." If there had not been, the authority of the court could hardly be questioned even at that stage of the case. *Byers* v. *Franklin Coal Co.*, 106 Mass. 131.

Under the practice of the court of chancery in England and in this country wherever that practice prevails, the proceedings in a case in equity are not regarded as at an end until the final decree of the court has been signed and enrolled. It then becomes a matter of record,—can be pleaded in bar or estoppel,—execution can issue upon it and there can then be no rehearing on motion or petition, the only remedy being by a bill of review.

But in this and other states, where the English chancery practice does not prevail, the decrees of the court are not enrolled. The final decree, when formally drawn, adopted by the court and placed on file, and judgment thereon, becomes equivalent to the enrollment under the English practice.

Thus in *Thompson* v. *Goulding*, 5 Allen, 81, 84, which was a bill in equity under the Massachusetts practice, essentially the same as that of our own state, Chief Justice Bigelow said: "It may be well to add, in order to avoid misapprehension, that no decree can be said to be entered of record until it is formally drawn out and filed by the clerk. A mere order for a decree, before it is extended in due form and in apt and technical language, can not be held to be a complete record of the judgment of the court." To the same effect is the case of *Pitman* v. *Thornton*, 65 Maine, 95, 99; *Clapp* v. *Thaxter*, 7 Gray, 385.

There was no final decree in the case before us. There had been a decision in the law court, and an order for a decree. A final decree is that which fully decides and disposes of the whole cause leaving no further questions for the future consideration and judgment of the court. Here was merely an order directing that a decree be drawn in due form, and in language that would give correct expression to the judgment of the court.

By examination of the statute it will be readily seen that it is there contemplated that final decrees are to be formally drawn, signed, entered and filed. The time allowed for appeals (§ 20)

commences only after such decree is signed, entered and filed, and notice given. Moreover, the statute further expressly provides (§ 26) that every order and decree shall bear date upon the day on which it is filed and entered, and the day of such filing and entering shall be entered by the clerk upon the docket and on the decree. By our system of practice, where full power is conferred on the court to make and enter all orders and decrees at such times as the court may deem proper, it follows that such orders and decrees become operative only from the time they are thus entered of record. They then become the definite judgment of the court, forming a part of the record, and equivalent to enrolment under the English practice in chancery.

There having been no final decree at the time of the amendments allowed, the authority of the court to allow the same, either upon terms or without, in its discretion, was fully authorized by the statute.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.