FIDELITY & CASUALTY COMPANY

*vs.*

BODWELL GRANITE COMPANY.

Knox.    Opinion November 27, 1906.

*Cases on Report.  Practice.  Reports will be dismissed, when.  Interlocutory motions.*
*R. S., chapter 79, section 46 ; chapter 84, section 23.*

1.  No question arising in a case should be reported to the Law Court for
    original decision, unless at such a stage of the case that the decision of
    question shall in one alternative at least be a final disposition of the case
    itself, or unless accompanied by a stipulation to that effect.

2.  A motion, under R. S., chapter 84, section 23, to require a party to pro-
    duce books and papers for inspection is merely interlocutory.  It may be
    granted or denied without concluding either party upon any question of
    law or fact involved in the issue to be tried, and hence, if reported as in
    this case without such stipulation, the report must be dismissed.

On report.  Report discharged.  Case dismissed from the law
docket.

Assumpsit upon four separate employers' liability insurance
policies, the first policy running from the 19th day of March, 1900,
to the 19th day of March, 1901 ; the second from the 19th day of
March, 1901, to the 19th day of March, 1902 ; the third running
from the 19th day of March, 1902, to the 19th day of March, 1903 ;
the fourth running from the 19th day of March, 1903, to the 19th
day of March, 1904.

The declaration contained eight counts, two upon each of said
policies.  The two counts founded upon the first policy are as
follows:

"In a plea of the case for that the said defendant in consid-
eration of the agreement and contract of the plaintiff to indemnify
said defendant for the period of twelve months, beginning the
nineteenth day of March, A. D. 1900, and ending the nineteenth
day of March, 1901, against loss from liability for damages on

account of bodily injuries accidentally suffered within said period by any employe or employes of said defendant engaged as cutters and hewers of granite, or as yardsmen or helpers at the yards of said company at Vinalhaven, Jonesboro and Spruce Head in said State of Maine, said defendant did pay the plaintiff the sum of twenty (20) dollars; and did contract and agree, if the compensation actually paid to all employes engaged as aforesaid exceeded the sum of Five Thousand (5,000) Dollars, it would pay to the plaintiff an additional amount of forty cents for each one hundred dollars in excess of said sum of Five Thousand Dollars paid as compensation as aforesaid.

"And the plaintiff avers that said defendant paid as compensation as aforesaid a large sum in excess of said Five Thousand Dollars, the exact amount of which is unknown to the plaintiff, but which the plaintiff believes and therefore avers is at least Twenty Thousand (20,000) Dollars; and the defendant then and there promised to pay the plaintiff four-tenths of one per cent on the total amount of the sum paid as aforesaid; yet the defendant has not kept its said contract and agreement but has broken the same.

"Also for that the said defendant in consideration of the agreement and contract of the plaintiff to indemnify said defendant for the period of twelve months, beginning the nineteenth day of March, A. D. 1900 and ending the nineteenth day of March, 1901, against loss from liability for damages on account of bodily injuries accidentally suffered within said period by any employe or employes of said defendant engaged as cutters and hewers of granite, or as yardsmen or helpers at the yards of said company at Vinalhaven, Jonesboro and Spruce Head in said State of Maine, said defendant did pay the plaintiff the sum of Twenty (20) Dollars and did contract and agree, if the compensation actually paid to all employes engaged as aforesaid exceeded the sum of Five Thousand (5,000) Dollars, it would pay to the plaintiff an additional amount of forty cents for each one hundred dollars in excess of said sum of Five Thousand Dollars paid as compensation as aforesaid; and did further contract and agree that the plaintiff should have the right at all reasonable times to examine the books of said defendant so far

as they related to compensation paid all employes at work as aforesaid.

"And the plaintiff avers that said defendant paid as compensation as aforesaid a large sum in excess of said Five Thousand Dollars, the exact amount of which is unknown to the plaintiff, but which the plaintiff believes and therefore avers is at least Twenty Thousand (20,000) Dollars, but the defendant has not paid the plaintiff said additional sum, and although often requested to allow the plaintiff said right and opportunity to examine its books as aforesaid, said defendant has neglected and refused so to do and hath not kept its said contract and agreement, but hath broken the same."

The other counts were of the same tenor as the foregoing with the necessary changes of dates, etc.

The writ was returnable at the January term, 1905, of the Supreme Judicial Court, Knox County. At the next April term of said-Court the defendant filed as its plea the general issue. After this plea had been filed, the plaintiff made the following motion:

"And now comes the plaintiff in the above entitled action and says that issue has been joined therein; that certain written instruments in the possession of the defendant are material to the issue in said action, namely: The books and pay rolls of the defendant showing the amount paid in wages by the defendant to the several classes of employes described in the declaration in said action, and without the information contained in said written instruments the plaintiff is unable to properly prepare this case for hearing, and that said books and papers are necessary to the proofs of the plaintiff's case.

"That access thereto has been demanded by and on behalf of the plaintiff and has been refused by said defendant.

"That the same long have been and now are in the possession of said defendant.

"Wherefore the plaintiff moves that after notice to the said defendant and hearing thereon said defendant may be required to produce all of its books and its pay rolls relating to wages paid to the employes described in said declaration."

A hearing was had upon this motion at said April term of said court, and certain evidence offered by the defendant was taken out.

At the close of this hearing and without any ruling or decision by the presiding Justice, it was agreed that the matter relating to the motion should be reported to the Law Court and that "upon so much of the foregoing evidence as is legally admissible, the Law Court is to make such order as the rights of the parties may require."

For reasons which are stated in the opinion the Law Court refused to act on the motion but ordered the report discharged and the case dismissed from the law docket.

*Arthur S. Littlefield*, for plaintiff.

*Joseph E. Moore*, for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

EMERY, J. In this case after issue was joined but before any trial of that issue the plaintiff filed a motion under the statute, R. S., ch. 84, sec. 23, that the defendant be required to produce for inspection certain books and papers alleged to be in its possession and material to the issue. The presiding Justice made no decision nor order on this motion but by agreement of the parties reported it for the Law Court "to make such order as the rights of the parties require." There was no stipulation for any disposition of the case as the result of the order of the Law Court either way.

We think the parties, in causing this motion to be reported in this way by itself before verdict, have misapprehended the function and jurisdiction of the Law Court. The motion is merely interlocutory. *W. U. Tel. Co.* v. *Locke*, 107 Ind. 9, (7 N. E. 579). It may be granted or denied without concluding either party upon any question of law or fact involved in the issue to be tried, and no stipulation was made that either party should be so concluded. Cases cannot be thus sent to the Law Court piece meal, one question at a time, the case to be returned again to the Law Court when and as often as another question may arise. *Monaghan* v. *Longfellow*, 82 Maine, 419. As said by the court in *State* v. *Brown*, 75 Maine, 456. " If the case be sent to us once in this way, there is no reason why it could not come up in the same way over and over again upon

motions possible to be made." That the parties agree to such a course does not make. it lawful. It would transform the Law Court into an advisory board for the direction of the business of the court at nisi prius, a function the Law Court cannot assume. *Noble* v. *Boston,* 111 Mass. 485.

All interlocutory motions and other interlocutory matters should be disposed of at nisi prius, saving to the parties their rights of exception or appeal, if any. They should not be sent to the Law Court even upon report at the request of the parties, except at such stage of the case, or upon such stipulation, that a decision of the question may, in one alternative at least, dispose of the case itself. The legislature in constituting the Law Court and defining its jurisdiction (R. S., ch. 79, sec. 46,) did not intend it to be used as a substitute for presiding Justices nor to relieve Judges in the trial courts from the duty of deciding, as they arise, mere interlocutory questions incident to the progress of the trial or the case.

As well might motions for the appointment of auditors or surveyors, or questions of the admissibility of evidence, or requests for instructions, &c., be sent. to the Law Court for original decision. It is evident, that even by agreement of parties, a trial should not be interrupted or postponed in order to obtain the opinion of the Law Court upon such questions, at least unless the parties stipulate that the opinion in some alternative shall practically end the case. *Noble* v. *Boston,* 111 Mass. 485. The result of the trial may entirely eliminate the interlocutory matter from the case. Thus, in this case, if the motion be granted, the defendant may yet obtain a verdict and judgment, and vice versa. In such event the ruling upon the motion will become immaterial and a decision upon it useless. The Law Court cannot be required and indeed has no jurisdiction to decide, prematurely, interlocutory questions which the subsequent proceedings in the case may show to be wholly immaterial, unless, as already stated, the parties stipulate that the decision may, in one alternative at least, supersede further proceedings.

*Report discharged.*

*Case dismissed from the law docket.*