JOSEPH MYERS and L. B. WALDRON, Petitioners,

*vs.*

ARTHUR LEVENSELLER, HARRY W. THOMPSON, LEWIS M. THOMPSON, HARRY W. BRAWN and GEORGE A. BRAWN.

Penobscot.    Opinion January 29, 1918.

*General power of Supreme Judicial Court over its own docket.    Rule where final judgment has been entered in a case.    Meaning of entry "neither party."    Right of presiding Justice to grant a petition bringing forward an action not gone to judgment.    As to the right being a discretionary one.    Rule as to exception being allowed to exercising that discretion.*

In a petition to bring forward and restore an action to the docket and to strike off the entry of "neither party" therein, on the ground that the entry was made by fraud and collusion between the nominal party plaintiff and the defendant in derogation of the rights of the real parties in interest, it is,

*Held:*

1.    The Supreme Judicial Court, being a court of record, has inherent power over its own docket until a valid judgment is entered in a given case.    Until that time it can amend, enlarge or vacate entries erroneously, improvidently or fraudulently made.    And this can be done at a subsequent term as well as at the term when the erroneous or fraudulent entries are made.

2.    The entry of "neither party" means that neither party appears further in the cause.    It is made by agreement of the parties and no judgment of the court follows.

3.    The status of this action was therefore such that the court at a subsequent term had power to bring it forward if in its discretion justice required it.

4.    The determination of the question of fraud in this case was for the presiding Justice to whom this petition was presented, and his ruling in dismissing the petition "upon the evidence presented" is sustained by the proof.    The charges are groundless.

5.    The nominal plaintiff had the right to ask indemnity against costs and upon that request being refused, he had a legal right to adjust the suit provided he exercised good faith in so doing.

Petition asking that an entry of "neither party" be stricken off and the action brought forward and restored to the docket of the court. After due hearing, presiding Justice ruled that the prayer of petitioner

ought not be granted upon the evidence presented and that the entry should be "petition denied;" to which ruling petitioners filed exceptions.    Exceptions overruled.

Case stated in opinion.

*L. B. Waldron,* for plaintiffs.

*Hudson & Hudson,* for defendants.

SITTING:   CORNISH, C. J., SPEAR, BIRD, PHILBROOK, JJ.

CORNISH, C. J.   On February 28, 1911, one Joseph W. Myers of Boston, Massachusetts, brought suit against Lewis M. Thompson of Corinna in this State, returnable at the April term, 1911, of the Supreme Judicial Court for Penobscot County.   The deputy sheriff, Arthur R. Levenseller, in whose hands the writ was placed, attached a certain horse as the property of Lewis M. Thompson the defendant, and took the animal into his possession.   On March 8, 1911, Harry W. Thompson, the son of Lewis M., brought an action of replevin against the attaching officer Levenseller, and took the horse thereon, claiming title in himself.   A replevin bond in the usual form was given to Levenseller signed by Harry W. Thompson as principal and by two sureties.   The question of title to the horse was tried out in the replevin suit and a verdict rendered in favor of the defendant Levenseller, at the October term, 1911, the judgment being for the return of the property and costs.

On December 20, 1911, without the consent or knowledge of Levenseller, a suit was brought in his name against the principal and sureties on the replevin bond, by L. B. Waldron, as attorney for Mr. Myers, and was entered at the April term, 1912.   When Levenseller discovered the pendency of this suit he employed counsel to represent him and also requested of Mr. Waldron who had brought the suit, either a bond or some other form of indemnity against costs.   No indemnity of any sort was given.   The case remained on the docket until the April term, 1915, a period of three years, when by an arrangement between the attorney employed by Mr. Levenseller, and the attorney for the defendants, a settlement was effected, the sum of seventy-six dollars was paid to Levenseller and the action was entered "Neither party."

At the January term, 1916, Joseph Myers and his attorney Mr. Waldron brought this petition, asking that the entry of "neither

party" be stricken off and the action be brought forward and restored to the docket of the court. The ground alleged was that Levenseller, without the consent or knowledge of either Myers or his attorney, the parties in interest in the suit, "secretly, collusively and in fraud or by mistake and in derogation of the rights of said Myers and Waldron caused the entry to be made." After hearing at the January term, 1917, the presiding Justice ruled that "the prayer of the petition ought not to be granted upon the evidence presented," and the petition was thereupon denied. Upon exceptions to this ruling the case is before the Law Court.

The exceptions must be overruled and for the following reasons.

We entertain no doubt that the Supreme Judicial Court of this State, being a court of record, has inherent power over its own docket until a valid final judgment is entered in a given case. Until that time it can amend, enlarge or vacate entries erroneously, improvidently or falsely made. Mistakes may be corrected and false or fraudulent entries rectified and made to conform to the truth. And this can be done at a subsequent term as well as at the term when the erroneous or false entries were made. Until the rendition of a final valid judgment, all actions whether on the docket of the existing or of a former term are regarded as within the jurisdiction and control of the court. *Low's Case,* 4 Maine, 439; *Lothrop* v. *Page,* 26 Maine, 119; *Woodcock* v. *Parker,* 35 Maine, 138; *Cross* v. *Clement,* 70 Maine, 502. When a final and valid judgment has been entered and the parties are out of court, the judicial power of the court ceases, and it does not lie within the power or discretion of the presiding Judge at a subsequent term to bring the action forward. Judicial authority has then been exhausted. *Shepherd* v. *Rand,* 48 Maine, 244; *Priest* v. *Axon,* 93 Maine, 34. If however it appears that the judgment rendered was not valid, but was entered irregularly or improvidently, even then the court can bring the case forward and correct the error. That was done in *West* v. *Jordan,* 62 Maine, 484. So much for the power of the court over its own records.

Here the action on the bond had not gone to final judgment and the entry was not made by authority of the court, but by the agreement of the parties independently of the court, an agreement which the parties had a right to make. No judgment of the court followed. The entry of "neither party" simply means that neither party appears further; that both disappear from legal vision. *Means* v. *Hoar,* 110 Maine, 409.

The status of the action on this bond, when this petition was filed, was therefore such that the court at a subsequent term had power to bring it forward if in its discretion justice required it. The determination of that question was within the discretionary power of the Justice hearing the petition, and unless there was a clear abuse of discretion, exceptions do not lie to its exercise.

The evidence as presented on this petition justified the ruling. Granting, for the sake of argument, the contention of the petitioners that they were the real parties in interest and that Levenseller was only a nominal party, even then he had some rights. He could demand indemnity, if his name was used as the plaintiff in the writ, because he, not they, would be subjected to costs in case he did not prevail. *Webb* v. *Steele*, 13 N. H., 230. Such indemnity in some form the presiding Justice must have found he did demand and, although the case remained in court three years, none was furnished. Under those circumstances we do not think Levenseller was obliged to submit to the contingent liability longer. He had a right to adjust the suit provided he exercised good faith in so doing. The net proceeds of the settlement he would of course hold in trust for those entitled thereto. The good faith of the settlement is challenged by the petitioners and charges of fraud are strongly urged. The existence of fraud was a question of fact for the presiding Justice. He has found that the charges were groundless, and after a careful study of the evidence we think the finding was correct. Both Levenseller and his attorney seem to have acted in the utmost good faith.

It is therefore the opinion of the court that the ruling of the presiding Justice was clearly within his power in the exercise of a sound discretion, and that the exceptions are without merit.

*Exceptions overruled.*