## MITCHELL v. MASON et al.

(Circuit Court of Appeals, Fifth Circuit.
February 13, 1925.)

No. 4474.

Appeal and error ⬤═82(3) — Order setting
aside a pro confesso held not final decree,
sufficient to support appeal.

Order setting aside a pro confesso, entered for want of reply to counterclaim in
answer, *held* not final decree, from which
appeal lies, under Judicial Code, § 128 (Comp.
St. § 1120).

Appeal from the District Court of the
United States for the Southern District of
Florida; Rhydon M. Call, Judge.

Suit by the United States against Thomas
J. Mason and George H. Mason, as administrators of the estate of Harry Mason, deceased, David F. Mitchell, and others, for
adjudication of rights of defendants to property, and for a decree of sale thereof for
purpose of liquidating tax against estate of
Harry Mason, wherein David F. Mitchell
filed answer, claiming the property involved
as against all defendants. From an order
setting aside a pro confesso on the answer,
David F. Mitchell appeals. Appeal dismissed.

See, also, 1 F.(2d) 318.

David F. Mitchell, of Jacksonville, Fla.,
in pro. per.

J. T. G. Crawford, of Jacksonville, Fla.,
for appellees.

Before WALKER and FOSTER, Circuit
Judges.

FOSTER, Circuit Judge. In this case it
appears that the United States filed a bill
of complaint against Thomas J. Mason and
George H. Mason, as administrators of the
estate of Harry Mason, and against numerous other persons, including appellant,
David F. Mitchell.

The bill alleges that each of the defendants has or claims to have a lien or some
interest in certain real estate in Duval county, Fla., standing in the name of Harry
Mason, and prays for adjudication of the
rights of all parties as to the property, and
for a decree of sale of the said real estate
for the purpose of liquidating the tax assessed against the estate of Harry Mason.

Appellant filed an answer to the bill, setting out his claim to the said property in
extenso, and claiming the property as against
all of the other defendants. On the theory
that the answer set up a counterclaim, requiring a reply from the other parties to

4 F.(2d)—45

the suit, an order allowing a pro confesso
on the answer was entered. Subsequently,
on motion of the executors of the estate of
Mason, above named, the order was set aside.
It is from the setting aside of the pro confesso that this appeal is prosecuted.

A motion to dismiss the appeal has been
made on the ground that the decree is not
final, and hence no appeal will lie. The
order setting aside the pro confesso left the
proceedings still pending before the District
Court and undisposed of as to the merits.
It is not a final decree in any sense. Except as provided by special laws, not applicable to this case, this court has jurisdiction on appeal of final decisions only. Judicial Code, § 128 (Comp. St. § 1120).

Appeal dismissed.