**STATE of Maine, Appellant,**

v.

**Guy BARBOUR, Appellee.**

Supreme Judicial Court of Maine.

April 30, 1969.

Peter T. Dawson, Asst. Atty. Gen., Augusta, for plaintiff.

William S. Silsby, Jr., Ellsworth, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEATHERBEE, Justice.

There is pending in the District Court, District Five, Division of Central Hancock, a charge against the defendant of Illegal Possession of Intoxicating Liquor with the Intent to Sell. Prior to trial the defendant presented the Judge of the District Court with a motion to suppress as evidence in the trial of this case certain property which he alleges was taken from him as a result of an illegal search and sei-

zure. The Judge of the District Court, acting on this motion before trial, ruled that the evidence was inadmissible. The State, relying on 15 M.R.S.A., Section 2115–A, undertook to enter an appeal from this ruling and also moved that the action be reported to this Court for determination of the questions of law involved in the ruling of the Judge. The Judge of the District Court, relying on M.R.Crim.P., Rule 37A(b) ordered the matter reported to this Court for determination of the issue of "whether the failure of the search warrant to designate the judge to whom it shall be returned renders the warrant invalid and the search pursuant thereto unconstitutional."

Subsequently the defendant filed in this Court his motion to dismiss the State's appeal.

We are thus presented with two immediate issues—the State's right to appeal from an order of a Judge of the District Court ordering the suppression of evidence and, (2) the appropriateness of the Judge's order reporting the issue to this Court.

*The State's Appeal.*

A motion to suppress is a procedural device which is new to our practice. Its use here has been authorized only in limited areas of practice.

M.R.Crim.P., Rule 41 sets out detailed provisions for the issuance by the District Judge or Complaint Justice of search warrants and for their execution. Section (e) of this Rule authorizes a person aggrieved by an unlawful search to move the Superior Court to suppress for use as evidence anything so obtained.

District Court Criminal Rule 41 adopts the same procedure for issuance and execution of search warrants for use in misdemeanor cases in the District Courts but specifically omits adopting Section (e). Therefore there is no provision in either Rule for the use of motions to suppress in pending misdemeanor cases in the District Courts. Glassman, Maine Practice, Section 141.1. 15 M.R.S.A., Section 2115–A creates a right of appeal by the State on questions of law in criminal cases from the District Court and the Superior Court to the Law Court from the Court's order "suppressing evidence prior to trial, allowing a motion to dismiss an indictment, complaint or information, quashing an arrest or search warrant or suppressing a confession or admission." It is obvious that not all of these actions are ones which could be ordered by a District Court Judge. The statute authorizes an appeal by the State upon the occurrence of any of these actions—it does not create the procedural device of a motion to suppress addressed to the Judge of the District Court.

The use of motions to suppress in the Superior Court rests upon the desirability of conserving time and expense during a subsequent jury trial. This is not a factor in the case of misdemeanors to be heard in a District Court. Here the policy considerations are quite different and it is preferable that the burden upon District Court Judges not be further increased by the necessity of dealing with prehearing motions to suppress.

It is apparent that the Judge recognized that there was no right to move to suppress evidence in misdemeanor cases in the District Court as in his decree he concluded only that the evidence seized is inadmissible. This was no more than an advisory opinion, the evidence not having as yet been offered, and the State's appeal from it is a nullity.

*The Report.*

The statutory authority of the Law Court to decide interlocutory questions of law in criminal cases on Report is found in 4 M.R.S.A., Section 57 (* * * questions of law arising on reports of cases, including interlocutory orders or rulings of such importance as to require, in the opinion of the justice, review by the law court before

any further proceedings in the action * * *). The use of the Report, including the reporting of interlocutory rulings under certain conditions, is also provided for in M.R.Crim.P., Rule 37A. (Section (b) " * * * the court * * * may, on motion of an aggrieved defendant or when authorized by statute, upon motion of the attorney for the State, report the case to the Law Court * * *"). Both sources of authority, however, refer only to the reporting of matters from the Superior Court to the Law Court. There is no provision in our practice for the reporting of cases from the District Court to the Law Court and we must decline to express opinion as to the issue presented to us.

Appeal dismissed.

Report discharged.