Alvin B. **ALLEN**

v.

**COLE REALTY, INC.**

Supreme Judicial Court of Maine.

Sept. 9, 1974.

**20**

Rudman, Rudman & Carter, by Gene Carter and John Wallach, Bangor, for plaintiff.

Twitchell, Gray & Linscott, by Orman G. Twitchell, Frederick J. Badger, Jr., Eaton, Peabody, Bradford & Veague, by John E. McKay, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

On November 28, 1969 plaintiff, Alvin B. Allen initiated a civil action in the Superior Court (Penobscot County) against defendant, Cole Realty, Inc., seeking damages for breach of a contract concerning a real estate transaction.

Once the pleadings had been completed there were no further proceedings in the action until November 3, 1971 when the Court granted a motion of plaintiff for a continuance and ordered the case continued until the next term (in Penobscot County) of the Superior Court. Another motion for continuance was filed by plaintiff on December 24, 1971 in which plaintiff stated as his reason for seeking a further continuance

> "that negotiations are in process which may result in settlement without trial prior to the next term."

On January 12, 1972 this second motion for continuance was ordered set for hearing on February 8, 1972, but no hearing was held or ruling made.

On March 8, 1972, the action was dismissed for lack of prosecution pursuant to Rule 41(b)(1) M.R.C.P.

On October 9, 1972 plaintiff filed a motion under Rule 60(b)(1) M.R.C.P. seeking to set aside the dismissal of the action. After a hearing, and upon a finding of "excusable neglect", the presiding Justice, on February 27, 1973, granted plaintiff's motion and ordered "the dismissal . . . set aside" and the "case . . . placed on the Docket" of the Superior Court.

From this ruling and order defendant, in conformity to Rule 73 M.R.C.P., filed notice of appeal to the Law Court on March 21, 1973.

It is this purported "Rule 73 appeal" by defendant, as perfected, which is before us.

We dismiss the appeal because we find it to have been taken from a ruling interlocutory in nature thus to contravene the "final

judgment" doctrine generally governing "appealability" under Rule 73 M.R.C.P.

■ In Fidelity and Casualty Co. v. Bodwell Granite Co., 102 Me. 148, 66 A. 314 (1906) the "final judgment" doctrine of "appealability" is stated as follows:

"The Law Court cannot be required and indeed has no jurisdiction to decide, prematurely, interlocutory questions which the subsequent proceedings in the case may show to be wholly immaterial, . . . ." (p. 152, 66 A. p. 316)

Also: Hand v. Nickerson, 148 Me. 465, 95 A.2d 813 (1953); Hazzard v. Westview Golf Club, Inc., Me., 217 A.2d 217 (1966); Bernat v. Handy Boat Service, Inc., Me., 239 A.2d 651 (1968).

■ A fundamental criterion to differentiate the "interlocutoriness" which renders Court action "non-appealable" from the "finality" establishing its "appealability" is found in: (1) a statement in Gilpatrick v. Glidden, 82 Me. 201, 19 A. 166 (1889) describing as "final", and thus "appealable", such Court action as

"fully decides and disposes of the whole cause leaving no further questions for the future consideration and judgment of the Court" (p. 203, 19 A. p. 167)

taken in combination with (2) the proposition enunciated in Fidelity and Casualty Co. v. Bodwell Granite Co., supra, that, generally, a Court's action is "interlocutory", and "non-appealable", if

"the subsequent proceedings in the case may show [it] to be wholly immaterial . . . ." (102 Me. p. 152, 66 A. p. 316)

Assessed by this basic measure of "interlocutoriness" and "finality", as determina-

tive of "non-appealability" and "appealability", the Court action from which the instant "Rule 73 appeal" has been attempted is plainly interlocutory and should, therefore, be non-appealable. By the Court's ruling an action previously dismissed was restored to the docket to await subsequent trial on the merits. The trial might result in a final judgment for defendant in which event defendant's position would be the same as it had been prior to the ruling of the Superior Court, with the consequence that the Superior Court's ruling would be deprived of practical materiality. Moreover, should plaintiff appeal from the judgment entered upon such future verdict for the defendant, thereby to prevent it from becoming a final judgment, defendant would then have opportunity, by filing a cross-appeal, to raise the same issue it now seeks to have decided:—whether the Justice of the Superior Court acted correctly in vacating the original dismissal and restoring the case to the docket for further proceedings.

In sum, the ruling of the Superior Court now purportedly appealed precludes neither the potential that subsequent proceedings in the case will render unnecessary a decision of this Court of the issue now purportedly raised nor the right of defendant to achieve such a decision if, and when, it should become necessary. Precisely such consequences stamp the instant Superior Court ruling, under the criteria generally applicable, interlocutory and, therefore, by virtue of the "final judgment" doctrine, non-appealable.[1]

The real issue, then, to which we must direct our attention is crystallized as follows: since the Superior Court ruling here involved is so plainly interlocutory, why should an exception be made in the present

---

1. In this connection, we emphasize that it is not simply that the Rule 60(b) motion was here *granted*, rather than denied, which produces interlocutoriness. Rather interlocutoriness derives from the *particular effects* of the granting of the motion in the instant circumstances. It is important that this point be borne in mind since, as is demonstrated by the case of Cousins v. Hooper, Me., 224 A.2d 836 (1966) a concrete situation can develop in which even the *granting* of a 60(b) motion can yield effects which in given special circumstances allow the Superior Court's action to be looked upon as final and, hence, appealable rather than non-appealable because interlocutory.

situation to the generally governing "final judgment" doctrine of appealability?

Defendant claims that such an exception has already been established in the law of Maine by the case of Willette v. Umhoeffer, Me., 245 A.2d 540 (1968).

■ It is true that in Willette v. Umhoeffer this Court entertained, and decided, an appeal from action of a Justice of the Superior Court granting a Rule 60(b) motion as a result of which the party seeking 60(b) remedy was relieved of a judgment entered against him by default and afforded opportunity for a trial on the merits. Thus, in Willette v. Umhoeffer, as here, the subsequent trial of the cause could eventuate in a result rendering immaterial the presiding Justice's decision on the Rule 60(b) motion. Defendant's contention is, therefore, correct that in Willette v. Umhoeffer this Court did *in fact* accept, and decide, an appeal from an interlocutory Superior Court ruling on a 60(b) motion.

Our remarks in Bernat v. Handy Boat Service, Inc., supra,—concerning Emery v. Frateschi, 161 Me. 281, 211 A.2d 578 (1965)—are cogently applicable here to Willette v. Umhoeffer:

"That case should not be taken as authority [as to appealability] . . . .. The issue of appealability was not raised by any party and was not considered by the Court." (239 A.2d p. 653)

Hence, notwithstanding Willette v. Umhoeffer, the appealability of the instant Rule 60(b) ruling of the Justice of the Superior Court, as an issue here expressly raised by the plaintiff, is open for initial decision by this Court, free of the constraints of stare decisis, according to principles the Court deems sound.

We proceed, then, to evaluate whether there is any special factor warranting an exception in the present situation to the prevailing "final judgment" doctrine of "appealability."

The practice in Maine prior to the adoption of the Maine Rules of Civil Procedure, effective December 1, 1959, suggests a reason for an exception insofar as it is arguable that Rule 60(b) may retain conceptual residues of former practice.

Under the practice in civil cases antecedent to Rule 60(b) M.R.C.P. there was power in the Court to correct record entries made by error or mistake, including an entry of judgment, during the term at which the entry was made. Davis v. Cass, 127 Me. 167, 142 A. 377 (1928); Myers v. Levenseller, 117 Me. 80, 102 A. 776 (1918); Lothrup v. Page, 26 Me. 119 (1846). Once the term at which a *valid* judgment was entered had terminated, however, the parties were out of Court and the power of the Court over such *valid* judgment was ended. Bubar v. Sinclair, 146 Me. 155, 79 A.2d 165 (1951); Shepherd v. Rand, 48 Me. 244 (1860).[2]

After expiration of the term at which a valid final judgment had been entered in a civil action, the practice prior to 1959 allowed a review of such judgment

" . . . under certain conditions by use of Writs of Error (R.S.1954, Chapter 129, Sections 1–10), Petitions for Review (R.S.1954, Chapter 123) and by the ancient common law actions of coram nobis, coram vobis and audita querela." Willette v. Umhoeffer, supra, 245 A.2d at p. 541.

These statutory and other proceedings, however, were actions *separate from and independent* of the action in which the val-

2. In this connection, the importance of the requirement that the judgment be a *valid* judgment must be emphasized. Under a principle enunciated in Myers v. Levenseller, supra (117 Me. at p. 82, 102 A. 776), adverting to West v. Jordan, 62 Me. 484 (1873), a judgment, although purportedly "final", entered "irregularly or improvidently" (presumably by an error on the part of the Court) remains subject to the inherent power of the Court over its own records because it is not a *valid* judgment and, therefore, may be brought forward and corrected by the Court at any term.

id and final judgment (from which relief was sought) had been entered. Cousins v. Hooper, Me., 224 A.2d 836 (1966); Richards Co. v. Libby, 140 Me. 38, 33 A.2d 537 (1943); Shepherd v. Rand, supra. Accordingly, any judgment operative with "finality" in such separate and independent action was held "appealable" notwithstanding its interlocutory impact upon the action which had produced the final judgment under attack.

With the adoption in 1959 of the current Maine Rules of Civil Procedure the statutes authorizing petitions for review and writs of error in civil cases were repealed. (P.L.1959, Chapter 317, Sections 268 and 280). Further, Rule 60(b) itself abolished the "writs of coram nobis, coram vobis, audita querela, and bills· of review and bills in the nature of bills of review" and prescribed, instead, that generally, if not exclusively,[3] relief from a valid final judgment shall be sought by a 60(b) motion *filed in that same action* which produced the judgment. (Reporter's Notes at p. 69 of 2 F McK & W, Me.Civ.Pr.2d).

The approach and philosophy of Rule 60(b), and the statutes implementing it, thus reflect a fundamental abandonment, rather than retention, of the former practice which, once the term at which a judgment was entered had expired, authorized relief from such judgment only by an action separate from and independent of the action in which the judgment had been entered.

We decide, therefore, that it would be anomolous and self-defeating to read into the current Rule 60(b) practice those conceptions of "appealability" which derive logically from the earlier "separate and in-dependent action" approach to the granting of relief from final judgments. We hold that insofar as Rule 60(b) concentrates on a procedure essentially integral in nature by which *that same civil action* in which a "final judgment, order or proceeding is entered or taken" remains the underlying vessel within which, through the 60(b) motion, "a party, or his legal representative" may be afforded relief, a ruling on the 60(b) motion will be assessed as "final" or "interlocutory", thereby to determine its "appealability" or "non-appealability", by its effect upon that *one and the same action* in which the 60(b) motion is filed and decided.

We find this conclusion buttressed by developments in the federal system.

Prior to 1938 (when the Federal Rules of Civil Procedure were first adopted) a Federal District Court had plenary power during the term of entry to correct its final judgments, the power being lost, however, once the term had expired. Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797 (1881); United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914); see: Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886).

After the expiration of the term at which a final judgment had been entered a party, in the federal system, could obtain relief from the judgment (1) in the limited circumstances covered by the writs of coram nobis, coram vobis, audita querela, bills of review and bills in the nature of review, and (2) by a plenary action in equity to enjoin enforcement of the judgment on the basis of fraud, accident or mistake when the remedy at law was inadequate. All of these actions at law, or in equity, were separate from and independent of the original

3. In 2 F McK & W, as part of the discussion of Rule 60(b) it is stated that:
"While Rule 60(b) in the next to the last sentence preserves the power of the court to relieve a party of a judgment through an independent action, the occasion for its use will be rare and relief will be granted only on showing of exceptional circumstances." (p. 72)

Procedurally, the "independent action" would take the form prescribed by the Rules for a "civil action." Substantively, it would rest on principles deriving from the law of equity. See: 7 Moore's Federal Practice (2nd ed.) Section 60.37; Wright & Miller, Federal Practice and Procedure: Civil, Section 2868.

action in which the final judgment of which "review" was sought had been entered. See: Phillips v. Negley, supra; Wallace v. United States, 142 F.2d 240 (CCA 2 1944).

The Federal practice prior to 1938 also embodied a hybrid "motion" procedure by which, even after the expiration of the term at which the final judgment had been entered, the Court had power to grant relief from the judgment in the same action in which it was entered—the "motion" being deemed to cover the same substantive grounds as the above-mentioned separate and independent actions of coram nobis, coram vobis, audita querela, bills of review and bills in the nature of review. This special "motion" practice is described in Jones v. Watts, 142 F.2d 575 (CCA 5 1944) quoting from Harris v. Hardeman, 14 How. (U.S.) 334, 14 L.Ed. 444 (1852) as follows:

> " '. . . it is believed to be the settled modern practice, that in all instances in which irregularities could formerly be corrected upon a writ of error coram nobis or audita querela, the same objects may be effected by motion to the court, as a mode more simple, more expeditious, and less fruitful of difficulty and expense.' " (p. 577)

Under this pre-1938 federal practice governing relief from final judgments, Court rulings concerning the demands for such relief were held appealable or non-appealable according to the following principles.

If a motion for relief from the final judgment was filed before the term at which the judgment was entered had expired, an order vacating the judgment and setting the cause for trial was interlocutory and, hence, not appealable. O'Brien v. Lashar, 266 F. 215 (CCA 2 1920); Mitchell v. Mason, 4 F.2d 705 (CCA 5 1925); Board of Sup'rs of Rockland County v. Knickerbocker Ice Co., 80 F.2d 248 (CCA 2 1935). See: Daly v. Stratton, 304 F.2d 666 (CCA 7 1962). If relief was sought

after the expiration of the term at which the judgment was entered through resort to one of the separate and independent actions at law or in equity, a judgment entered in said separate and independent action *having "finality" therein* was, as such, appealable, notwithstanding that viewed from the perspective of the original action containing the final judgment subjected to review, the impact was interlocutory. Likewise, if relief was sought after the expiration of the term of entry of the judgment by use of the hybrid "motion" above described, the "motion"—because raising the same issues as would be raised by the independent actions of coram nobis, coram vobis, audita querela, bills of review and bills in the nature of review—was regarded in its substantive essence as if a "new proceeding" and, hence, any ruling upon the "motion" which would conclude it as a "new proceeding" was deemed "final", and appealable, notwithstanding that

> ". . . its content was interlocutory, viewed from its effect in the main cause." Board of Sup'rs of Rockland County v. Knickerbocker Ice Co., 80 F. 2d 248, 250

See also: Daly v. Stratton, supra, 304 F.2d at p. 667.

Against this background, Federal Rule 60(b) was first promulgated in 1938 to provide relief from final judgments, on grounds of mistake, inadvertence, surprise or excusable neglect, through a motion filed in the same proceeding in which the final judgment had been entered, and regardless of whether before or after the expiration of the term in which the judgment was entered, provided that the motion was filed within six months from the date of entry of the judgment.

The 1938 Federal Rule 60(b) also contained a saving clause reading:

> "This rule does not limit the power of a court . . . to entertain an action to relieve a party from a judgment, order, or proceeding, . . .."

Wallace v. United States, supra, acknowledged that the 1938 version of Federal Rule 60(b) did not eliminate the prior "motion" practice because

" . . . the Rule's history indicates that 'action' [in the saving clause of the 1938 Rule 60(b)] was intended . . . to cover whatever could have been done by a writ of error coram nobis or coram vobis, or a bill of review, or a bill in the nature of a bill of review, despite the fact that any such proceeding was, before the . . . [1938] rules, not an independent 'action' but ancillary to the main suit." (142 F.2d p. 244)

In Jones v. Watts, supra, the prior "motion" practice was recognized to survive the 1938 Rule 60(b) even as to a "motion" filed later than the six month period prescribed for a 1938 Rule 60(b) motion. See: Oliver v. City of Shuttuck, Oklahoma ex rel. Versluis, 157 F.2d 150, 152 (CCA 10 1946). Also: Preveden v. Hahn, 36 F.Supp. 952 (S.D.N.Y.1941).

As amended December 27, 1946, effective March 19, 1948, Federal Rule 60(b) was extensively revised. For present purposes, the most important facet of the revision was a modification of the saving clause to preserve the "power of a court to entertain an independent action" and the addition of (1) the abolition of

"writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review"

and (2) the express prescription that

"the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." [4]

In relation to the question of the *appealability* of a ruling on a 60(b) motion, the 1948 revision was held to eliminate conceptual residues of the former practice (1) by coram nobis, coram vobis, audita querela, bills of review and bills in the nature of a bill of review and (2) the hybrid "motion" which although procedurally filed in the same action was treated substantively, as if a "new proceeding" in the nature of said actions. Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9th Cir. 1961); Daly v. Stratton, supra. The reasoning was that the express abolition by the 1948 revision of Rule 60(b) of writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review had destroyed the foundation upon which the prior approaches to "appealability" rested.

Consequently, by virtue of the 1948 revision of Rule 60(b) it is now established in the federal system that the appealability of a ruling on a 60(b) motion is determined by the effects of the ruling upon the action in which it is made. Thus, if a ruling on a 60(b) motion results in the vacating of the final judgment and a restoration of the case to the docket to await trial, the practice in the federal system now looks upon such ruling as interlocutory and, therefore, non-appealable. Resnik v. La Paz Guest Ranch, supra; Daly v. Stratton, supra; Crowe v. Ragnar Benson, Inc., 307 F.2d 73 (3rd Cir. 1962); Murphy v. Helena Rubenstein Co., 355 F.2d 553 (3rd Cir. 1965).

Since Rule 60(b) M.R.C.P. is in its essentials a counterpart of the 1948 Federal Rule 60(b), the federal experience confirming the interpretation we have held to be the reasonable import of the textual language of our own Rule 60(b) (ante, at p. 23) affords strong support for our conclusion that the ruling of the Justice of the Superior Court herein sought to be appealed is interlocutory and, therefore, non-appealable.

The entry is:

Appeal dismissed.

All Justices concurring.

---

4. As mentioned in n. 3 (ante, p. 23) the "independent action" preserved by Federal Rule 60(b)—as by our own Rule 60(b)—finds its substantive content in the principles of the law of equity.