**In re Petition for ADOPTION OF Marie Lynn BRAGG.**

Supreme Judicial Court of Maine.

March 31, 1978.

Pine Tree Legal Assistance, Inc. by John Whitehouse Cobb, Bangor (orally) for respondent.

Cohen & Cohen by Barry A. Cohen, Bangor, Guardian ad Litem.

Stearns, Finnegan & Needham, P. A. by Kenneth L. Jordan, Jr., Bangor (orally), for petitioners.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

Joyce M. (Bragg) Sanborn and Galen R. Sanborn petitioned the Penobscot County Probate Court for leave to adopt Marie Lynn Bragg, Mrs. Sanborn's five-year-old daughter by her previous marriage. Upon notice to Jeffery L. Bragg, father of this child, he appeared to oppose the petition.

**436**

■ A question arising as to the rights of a natural father in proceedings such as this, brought pursuant to the provisions of Chapter 9, of Title 19, M.R.S.A., the parties purport to bring the case here "on report" without a decision having first been made by the Probate Court.[1]

■ We lack jurisdiction, and therefore must discharge the report.

■ The statute relating to the Law Court's jurisdiction to hear matters coming up from the Superior Court expressly includes "questions of law arising on reports of cases" as well as appeals from that Court. 4 M.R.S.A. § 57. In contrast the statute relating to the Law Court's jurisdiction to hear matters coming directly from the several probate courts limits our jurisdiction to appeals, taken either on agreed statements of facts or upon evidence reported by the judge of probate, and does not encompass questions of law arising on the report of cases. 4 M.R.S.A. § 401.[2]

■ In sum, ours is a statutory court, and litigants may bring their grievances here only to the extent that is permitted them by statute.[3]

■ More than seventy years ago our Court observed that interlocutory matters should not be sent to the Law Court, even upon report at the request of the parties, except at such stage of the case, or upon such stipulation, that a decision of the question may, in one alternative at least, dispose of the case itself. To permit otherwise would "transform the Law Court into an advisory board for the direction of the business of the court at nisi prius, a function the law court cannot assume." *Fidelity & Casualty Co. v. Bodwell Granite Co.*, 102 Me. 148, 152, 66 A. 314, 316 (1906).

Today the litigants' path to the Law Court is charted for them by the rules of procedure. Even the broad language of Rule 72(b), M.R.Civ.P., however, can hardly be read as contemplating the report of any action other than by the Superior Court.

The result we reach here is consistent with *State v. Barbour*, Me., 252 A.2d 460, 461 (1969), where an attempt had been made to report an interlocutory order of the District Court directly to the Law Court.

■ The parties suggest that their case presents an issue of constitutional dimension. Even if a report of their case by the Probate Court were permitted by statute, such an issue is better determined upon the record of a complete hearing below and after a decision by that Court. Moreover, a probate court, as other inferior courts, may accept the presumption of constitutionality of all legislative enactments. *Small v. Gartley*, Me., 363 A.2d 724, 731 (1976).

The entry will be:

Report discharged.

Case dismissed from the law docket.

DELAHANTY, J., did not sit.

---

1. Lack of compliance with Rule 74, M.R.C.P., (since amended) gives us occasion here to remind parties of their responsibility to see that the record on appeal is prepared in full conformity with the pertinent rules. This is not a responsibility which they may abdicate to such court personnel as may be assisting them in its preparation.

2. Our examination of Massachusetts statutes in effect prior to 1820 discloses no statute which authorized the report of cases by a probate court, directly to the Supreme Judicial Court and counsel have cited none. See Mass.Acts, 1804, c. 105; R.S., Mass., 1836, c. 81, sec. 26. When the Maine Legislature in 1845 provided for the report of cases by the former district court, it did not extend that authority to the probate courts. P.L., 1845, c. 172. The language "questions of law arising on reports of cases" found in 4 M.R.S.A. § 57, which is our jurisdictional grant, can be traced back to R.S., 1857, c. 77, § 17, and no mention of report of cases by the probate courts is to be found.

3. The Law Court may in rare instances have considered cases brought here on report by a probate court, but on those occasions this issue of jurisdiction was not briefed by the parties nor decided by this Court.